NOT DESIGNATED FOR PUBLICATION

No. 112,501

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

KYLE WILLIAMS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed November 13, 2015. Affirmed.

*Joanna Labastida*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., BRUNS, J., and ROBERT W. FAIRCHILD, District Judge, assigned.

*Per Curiam*:  Kyle Williams appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. Williams argues that the district court erred in finding that he was an absconder and in revoking his probation without first imposing an intermediate sanction pursuant to K.S.A. 2014 Supp. 22-3716(c). For the reasons stated herein, we affirm the district court's judgment.

The facts are undisputed. On January 18, 2013, Williams pled guilty to two counts of forgery. On May 23, 2013, the district court imposed a controlling sentence of 22

1

months' imprisonment but granted Williams probation with court services for 18 months. Williams did not appeal his sentence.

On September 25, 2013, a warrant was filed alleging that Williams had violated the conditions of his probation by failing to refrain from the possession or use of drugs, testing positive for methamphetamine, failing to report to his probation officer, failing to pay restitution, and failing to provide proof of completion of community service. At a hearing on October 3, 2013, Williams stipulated to the probation violations. The district court reinstated Williams' probation to be supervised by community corrections.

On May 23, 2014, a second warrant was filed alleging that Williams had violated the conditions of his probation by testing positive for amphetamines and failing to report to his probation officer. An amended warrant was later filed alleging that Williams had failed to report to scheduled office visits with his probation officer on May 13, 2014, and May 20, 2014, and that he had committed the crime of possession of stolen property on June 18, 2014. At a hearing on July 22, 2014, Williams stipulated to the probation violations. After the district court confirmed that Williams had last reported to his probation officer on May 6, 2014, and was arrested on May 24, 2014, the district court found that Williams had absconded and that he had committed a new crime while on probation. As a result of these findings, the district court revoked Williams' probation and ordered him to serve his underlying prison sentence. Williams timely appealed.

On appeal, Williams argues that the district court erred when it found that he had absconded from probation and used this finding as a basis for revoking his probation without imposing intermediate sanctions under K.S.A. 2014 Supp. 22-3716(c). Although Williams acknowledges that his commission of a new crime provided the district court with a basis to revoke his probation without imposing intermediate sanctions, he argues that we should remand his case for the district court to consider whether his probation should be revoked solely because he committed a new crime while on probation.

2

The State argues that the district court did not abuse its discretion because Williams' admission that he failed to report to his probation officer was a sufficient basis to find that he had absconded from probation. The State also argues that even if there was not sufficient evidence that Williams had absconded, the district court still did not abuse its discretion when it revoked Williams' probation without imposing intermediate sanctions because Williams also admitted to committing a new crime while on probation.

An appellate court reviews a district court's decision to revoke probation using an abuse of discretion standard. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015), *rev. denied* 302 Kan. ___ (August 12, 2015). However, whether the district court properly imposed Williams' underlying sentence after revoking his probation without first imposing an intermediate sanction is a question of law over which this court exercises unlimited review. 51 Kan. App. 2d at 454.

We agree with Williams that the district court improperly found that Williams absconded from probation. In *Huckey*, this court recently held that the State must prove by a preponderance of the evidence that the defendant has absconded from probation before the district court may revoke the defendant's probation without imposing any intermediate sanctions under K.S.A. 2014 Supp. 22-3716(c)(8). See 51 Kan. App. 2d at 457. The *Huckey* court adopted the definition of "abscond" from Black's Law Dictionary, which defines the term as, "To depart secretly or suddenly, especially to avoid arrest, prosecution or service of process." 51 Kan. App. 2d at 455, 457 (citing Black's Law Dictionary 8 [10th ed. 2014]). Merely failing to report to a probation officer is not enough to prove that the defendant has absconded. 51 Kan. App. 2d at 457.

Here, the State failed to prove by a preponderance of the evidence that Williams had absconded from probation. The only evidence presented by stipulation was that Williams did not report to his probation officer from May 6, 2014, until May 20, 2014, when he was arrested. This is insufficient evidence to establish that Williams had

3

absconded. There is no evidence to indicate that Williams departed secretly or in an attempt to avoid arrest or prosecution. Thus, the district court erred when it found that Williams' failure to report constituted absconding.

However, this error does not require a remand for any additional hearing. When the district court revoked Williams' probation, it found that Williams was an absconder *and* that Williams had committed a new crime while on probation. K.S.A. 2014 Supp. 22-3716(c)(8) authorizes the district court to revoke a defendant's probation without first imposing intermediate sanctions if it finds that the defendant absconded from probation *or* committed a new offense. As long as the district court properly makes one finding, it can revoke a defendant's probation without first imposing an intermediate sanction.

*State v. Kyles*, No. 112,430, 2015 WL 5613265 (Kan. App. 2015) (unpublished opinion), is instructive. The district court revoked Kyles' probation and ordered him to serve his underlying sentence without making any findings to circumvent the imposition of intermediate sanctions. 2015 WL 5613265, at *1. On appeal, the State argued that the imposition of Kyles' underlying sentence was justified because he had absconded from probation. 2015 WL 5613265, at *3. However, this court held that there was insufficient evidence to find that Kyles had absconded because the only evidence before the court was that Kyles had last met with his probation officer in November 2013 and was arrested on April 30, 2014, and had left messages for his probation officer to reschedule appointments during that time. 2015 WL 5613265, at *3.

The State also argued that the imposition of Kyles' underlying sentence without first imposing intermediate sanctions was justified because Kyles had committed a new felony or misdemeanor while on probation. 2015 WL 5613265, at *4. This court noted that at Kyles' probation revocation hearing, he had effectively stipulated to committing the crime of driving under the influence while on probation. 2015 WL 5613265, at *4. Because Kyles had committed a crime while on probation, this court affirmed the district

court's decision to revoke Kyles' probation without first imposing intermediate sanctions as being the right judgment for the wrong reason. 2015 WL 5613265, at *4.

Here, the district court made two findings to justify revoking Williams' probation without first imposing intermediate sanctions. Although one of the findings, that Williams was an absconder, was an error, the judgment to impose Williams' sentence was correct because the district court properly found that Williams committed a new crime while on probation. As in *Kyles*, the district court reached the right judgment even though it partially relied on the wrong reason. Thus, because Williams committed a new crime while on probation, the district court did not err in revoking Williams' probation without first imposing an intermediate sanction.

Affirmed.