No. 112,273

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RANDY L. HUCKEY,
*Appellant*.

SYLLABUS BY THE COURT

1.

Once there is evidence of a probation violation, the decision to revoke probation rests within the sound discretion of the district court.

2.

Judicial discretion is abused if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact.

3.

K.S.A. 2014 Supp. 22-3716(c) requires a sentencing court to impose an intermediate sanction on a probationer before ordering the probationer to serve the underlying prison sentence unless certain exceptions apply.

4.

Intermediate sanctions are not required if the probationer commits a new crime, absconds from supervision, or the sentencing court finds and sets forth with particularity its reasons for finding that the safety of the public will be jeopardized or that the welfare of the probationer will not be served by such sanction.

1

5.

Abscond is defined as to depart secretly or suddenly, especially to avoid arrest, prosecution, or service of process.

6.

If the imposition of intermediate sanctions is to be avoided in the event probation is revoked due to the probationer absconding from supervision, the State must allege that the probationer has absconded. Then, at an evidentiary hearing the State must prove by a preponderance of the evidence that the probationer has absconded.

Appeal from Ellsworth District Court; RON SVATY, judge. Opinion filed April 24, 2015. Affirmed in part, reversed in part, and remanded with directions.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Joe Shepack*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., GREEN and LEBEN, JJ.

HILL, J.:  After hearing that probationer Randy L. Huckey had not reported to his supervisor for more than 2 months, the district court ruled Huckey was an absconder and declined to impose any intermediate sanctions as required by law when it revoked his probation. By legislative directive, intermediate sanctions are now the norm and the court must impose them unless the probationer has committed a new crime or absconded from supervision. The court may bypass the sanctions altogether if the court makes specific findings that public safety or the probationer's own needs compel their avoidance. Here, the record does not indicate that Huckey committed a new crime, and the court made no specific findings concerning public safety or Huckey's welfare. Because there is an absence of evidence in the record that Huckey had fled or hidden himself from the jurisdiction of the court in order to avoid arrest, prosecution, or service of process, we

2

hold the district court's finding that Huckey was an absconder from supervision is not supported by substantial competent evidence. Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

*Huckey committed this crime in prison.*

While Huckey was serving a felony sentence from a Sedgwick County conviction, prison officers at the Department of Corrections facility in Ellsworth found drugs hidden in Huckey's sock. The State charged Huckey with possession of contraband in a prison. Huckey was subsequently paroled from prison on his original sentence to the detainer filed in this case.

Eventually, Huckey pled no contest to the possession of contraband charge, and the district court sentenced Huckey to a suspended 43 months' imprisonment with 24 months' probation. All aspects of this sentence were consecutive to the Sedgwick County sentence. The district court ordered Huckey to comply with various conditions of the community corrections intensive supervision program. Huckey's supervision was originally to be by community corrections in Sedgwick County, but it refused so his probation supervision remained in Great Bend. Huckey was not successful on probation.

In January 2014, Huckey turned himself in to authorities in Sedgwick County for violating his parole in the Sedgwick County case. In turn, the State sought revocation of his probation in this case for various reasons, including failing to report to his supervisor in Great Bend.

Huckey's community corrections intensive supervisor recommended a 60-day stay in jail as an intermediate sanction for violating the terms of probation in this case. At the revocation hearing, Huckey stipulated to violating his terms of probation by failing to report to his intake/orientation in Great Bend; failing to relocate as directed; failing to be

at his reported residence; using methamphetamine and marijuana; and failing to accept scheduled transportation that would have permitted him to report as directed.

The State did not agree with the 60-day sanction suggested by the probation supervisor. Instead, the State argued that the graduated sanctions found in K.S.A. 2014 Supp. 22-3716(c) did not apply because Huckey had absconded from supervision for more than 2 months. The prosecutor contended, "Case law seems to indicate that if you're gone for more than two months you're considered an absconder. If it's less than two months, you're not an absconder."

At this point, the district court confirmed with Huckey's supervising officer that Huckey had been gone from supervision for more than 2 months. The court then asked Huckey if he had made any effort between October and January to contact his probation officer. Huckey responded, "No, I didn't." The district court revoked Huckey's probation and ordered him to serve his underlying sentence. In doing so, the district judge stated:

> "Probation officers and parole officers have only so much energy, and they need to apply that energy to people that are going to be responding to what they're trying to do. I'm sorry, in this case I think it's just a waste of time because I think if I give you a sixty-day sanction and put you out, you're going to be back in here again and we're just going to send you off."

Nothing in the record of the probation revocation hearing indicates the court found Huckey was an absconder. But the journal entry of the revocation hearing notes: "Absconder for 4 + months."

Also, there is nothing in the record that indicates Huckey committed a new crime. And the court made no specific findings concerning the public's safety or Huckey's welfare that would satisfy the demands of K.S.A. 2014 Supp. 22-3716(c)(8) and (9).

4

Huckey does not deny that he violated the conditions of his probation, but he denies that he is an absconder. Basically, he contends that since he is not an absconder and this is the State's first motion to revoke his probation in this case, the court was required by law to impose an intermediate sanction before sending him off to prison or make specific findings on why intermediate sanctions were not called for in this case, as required by the statute. Huckey seeks a reversal and remand to the district court for further factfinding.

*Some fundamental points of law guide our decision.*

The law of probation revocations is well settled. Once there is evidence of a probation violation, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Fischer v. State*, 296 Kan. 808, Syl. ¶ 8, 295 P.3d 560 (2013). Huckey bears the burden of showing such abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Moreover, whether the district court properly imposed a sentence after revoking Huckey's probation invokes a question of law over which an appellate court exercises unlimited review. See *State v. Sandberg*, 290 Kan. 980, 984, 235 P.3d 476 (2010). Likewise, our review is unlimited to the extent that resolution of this issue requires statutory interpretation. See *State v. Dale*, 293 Kan. 660, 662, 267 P.3d 743 (2011).

A statute sets the rule for this case. K.S.A. 2014 Supp. 22-3716(c) requires a sentencing court to impose an intermediate sanction on a probationer before ordering the probationer to serve the underlying prison sentence unless certain exceptions apply. See K.S.A. 2014 Supp. 22-3716(c)(l). These sanctions can be for 2-3 days of incarceration for

5

not longer than a total of 18 days in a county jail or for 60 to 120 days in prison in the event a prior intermediate sanction has already been imposed on the probationer.

But intermediate sanctions are not required if the probationer commits a new crime, absconds from supervision, or the sentencing court finds and sets forth with particularity its reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction. K.S.A. 2014 Supp. 22-3716(c)(8) and (9).

Huckey argues that evidence of his stipulations to failing to report does not equate to absconding. He cites language in *State v. Campbell*, No. 100,660, 2010 WL 198502, at *1 (Kan. App. 2010) (unpublished opinion), *rev. denied* 291 Kan. 914 (2011), that the words "absconder" and "fugitive" are interchangeable. Huckey contends that to show he absconded there must have been evidence that he did something more than fail to report. We agree.

The *Campbell* court adopted the definition of "abscond" from Black's Law Dictionary. Abscond is defined as: "To depart secretly or suddenly, especially to avoid arrest, prosecution or service of process." Black's Law Dictionary 8 (10th ed. 2014). In *Campbell*, the court had to deal with the application of the fugitive disentitlement doctrine, which is sometimes called the escape rule. That doctrine simply provides that the court will dismiss an appeal when a criminal defendant escapes during the pendency of the appeal. See *State v. Scott*, 70 Kan. 692, 693-94, 79 P. 126 (1905).

The question before the *Campbell* court was whether the district court could entertain Campbell's motion to modify his drug sentence since he had moved to Texas. The State had merely alleged in its motion that Campbell was an absconder. Based on nothing more than that assertion, the district court applied the disentitlement doctrine and dismissed Campbell's motion. A panel of this court reversed after defining absconder as

6

found in Black's Law Dictionary. In ruling, the court followed the procedure created by the Supreme Court in *State v. Raiburn*, 289 Kan. 319, 331-33, 212 P.3d 1029 (2009). *Campbell*, 2010 WL 198502, at *2.

The *Campbell* panel, following *Raiburn*, held that the burden was on the State to raise the issue of whether Campbell was a fugitive and the State must present evidence to the district court that he was a fugitive. The panel ruled that if the State did so, the district court was required to hold an evidentiary hearing to determine whether Campbell was a fugitive. Finally, the State, at the evidentiary hearing, must prove by a preponderance of the evidence that Campbell was a fugitive. If the court so found, then the matter on appeal would be reviewed for substantial competent evidence that would support the court's finding. 2010 WL 198502, at *2.

The *Campbell* court ruled that the district court's finding that Campbell was a fugitive based upon a mere allegation in the State's motion was insufficient. The panel ruled that the district court erred on this point, but it ultimately affirmed based upon the legal insufficiency of Campbell's motion to modify sentence. 2010 WL 198502, at *3.

We find the reasoning of the *Campbell* panel sound. In this case, the only mention of Huckey being an absconder from supervision was by the State when counsel argued that caselaw suggested that if you failed to report for 2 months you are an absconder; if it is less than 2 months, you are not an absconder. We have found no reported cases that rule this way.

On appeal, the State has abandoned that argument. Instead, the State contends that because the statute fails to define absconder, then it is left to the absolute discretion of the sentencing court to decide if a probationer is an absconder. In other words, if a probationer fails to report one time, the court, acting within its discretion, could validly

7

rule such a probationer is an absconder, making the intermediate sanctions inapplicable when probation is revoked.

Such an interpretation of the statute runs counter to the elaborate set of intermediate sanctions created by the statute that must be imposed in cases of probation revocation before ordering the original sentence to be served. Why bother to create all of those sanctions if the legislature simply allowed the sentencing court to bypass all of the sanctions with a simple finding that this probationer is an absconder? The reasoning in *Campbell* is compelling. Absconding is more than just not reporting.

For example, in *United States v. Gonzalez*, 300 F.3d 1048 (9th Cir. 2002), the Court of Appeals for the Ninth Circuit addressed the issue of whether failure to report under the terms of probation established fugitive status. In *Gonzalez*, the defendant was sentenced to 60 days' probation but failed to report to his probation officer, who filed a violation report and requested a warrant for the defendant's arrest. After the defendant was arrested, the prosecution argued for dismissal of his appeal under the fugitive disentitlement doctrine. The court refused, ruling:  "The doctrine does not apply to an appellant just because he has not reported as directed to the probation office, in the absence of a showing that he has fled or hidden himself from the jurisdiction of the court." 300 F.3d at 1051. Thus, the *Gonzalez* court recognized that an absconder means something more than failing to report.

This is not a new concept in Kansas. In *State v. Hess*, 180 Kan. 472, 475, 304 P.2d 474 (1950), the Supreme Court affirmed a trial court's finding that "'mere failure to appear at a particular term would not make the defendant a fugitive for justice, but only an absentee.'"

The procedure adopted by the court in *Raiburn* is instructive. For purposes of deciding if the fugitive disentitlement doctrine applies, the Supreme Court placed the

8

burden upon the State to allege the defendant was a fugitive. A mere allegation in a brief is not enough. Then, the court is required to take evidence on the matter and the State must prove by a preponderance of the evidence that the probationer has absconded. The district court then makes whatever ruling it thinks appropriate. Then, in turn, on appeal, the district court's findings that a defendant has absconded would be reviewed for substantial competent evidence. 289 Kan. at 332-33.

Such a procedure should be followed when a district court must decide if a probationer has absconded when it decides whether to revoke probation. The definition of abscond from Black's Law Dictionary serves as the standard. There must be more than just failing to report. If the imposition of intermediate sanctions is to be avoided in the event probation is revoked due to the probationer absconding from supervision, the State must allege that the probationer has absconded. At an evidentiary hearing the State must prove by a preponderance of the evidence that the probationer has absconded. The court then makes whatever ruling it finds to be appropriate.

If we follow such a procedure here, we first note that the State merely alleged orally that Huckey had failed to report for more than 2 months, contending that it complied with some prior case ruling. Then, led astray by the State's argument, the district judge simply asked if Huckey had failed to report for more than 2 months. Indeed, he had failed to report for more than 4 months. But the record shows no further inquiry concerning Huckey's actions that would support a finding that he had fled or hidden himself or deliberately acted to avoid arrest, prosecution, or service of process. There is no substantial competent evidence that Huckey absconded from supervision. The district court's finding fails for want of evidence.

We reverse the district court's ruling that Huckey absconded. The ruling that Huckey violated the terms and conditions of his probation remains unaltered. We remand for further proceedings concerning the revocation of his probation. If the district court

9

wants to avoid the imposition of intermediate sanctions in this case, it must make the findings required by the statute. If the State wishes to pursue the issue of whether Huckey absconded, then the *Raiburn* procedure outlined above should be followed.

Affirmed in part, reversed in part, and remanded with directions consistent with this opinion.