NOT DESIGNATED FOR PUBLICATION

Nos. 112,885
112,886

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HEIDI MARIE COFFMAN a/k/a HEIDI MARIE STANLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE YOUNG, judge. Opinion filed December 18, 2015. Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Brock R. Abbey*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., BUSER and SCHROEDER, JJ.

*Per Curiam*:  In this consolidated appeal, Heidi Marie Coffman appeals the district court's order revoking her probation and directing that she serve her underlying prison sentence. Specifically, Coffman challenges the district court's finding that she absconded and claims such a finding was not supported by substantial competent evidence. As a result, she alleges the district court was required to impose an intermediate sanction pursuant to K.S.A. 2014 Supp. 22-3716(c) instead of her underlying sentence. For the reasons stated below, we affirm the district court's decision.

1

On January 24, 2011, Coffman was convicted in Saline County case 10-CR-1180 of one count of making false information. She was sentenced to an 18-month probation term with an underlying prison sentence of 8 months. On July 25, 2012, the State filed a motion to revoke her probation. A hearing was held on September 14, 2012. Coffman admitted to violating the terms of her probation and waived an evidentiary hearing. The district court revoked and reinstated probation for a new term of 18 months and then transferred supervision of her probation to community corrections.

On December 10, 2013, the State filed a second motion to revoke Coffman's probation. The motion was amended on March 6, 2014, to include additional alleged violations. Before a hearing was held on the motion, Coffman was charged with one count of theft in Saline County case 13-CR-1103. Coffman entered into a plea agreement with the State on this charge. In exchange for Coffman's plea of no contest to the charge, the State agreed to recommend a sentence of 60 days in jail followed by probation. Consistent with the terms of her plea agreement, Coffman pled no contest to the theft count in 13-CR-1103. The district court accepted her plea and found her guilty. On the same day as her plea hearing in 13-CR-1103, Coffman admitted to violating her probation in 10-CR-1180. After Coffman's admission, the district court continued the revocation hearing for purposes of imposing sanctions for the violation.

On April 1, 2014, the district court held a hearing to determine Coffman's sentence in case 13-CR-1103 and to impose sanctions for Coffman's admission to violating the terms of her probation in 10-CR-1180. In 13-CR-1103, the district court sentenced Coffman to a 12-month probation term with an underlying 8-month prison sentence. This sentence was ordered to run consecutively to Coffman's sentence in 10-CR-1180. In 10-CR-1180, the district court reinstated her probation for a term of 12 months but also ordered her to first serve 60 days in jail.

On August 19, 2014, the State filed motions to revoke Coffman's probation in both 10-CR-1180 and 13-CR-1103. In total, the motions alleged seven probation violations. Specifically, the State alleged that Coffman failed to (1) report to her probation officer as directed, (2) submit to urinalysis (UA) testing, (3) work faithfully at suitable employment, (4) keep her probation officer advised of her current address, (5) obtain a mental health evaluation and follow any recommendations, (6) pay court imposed fees, and (7) complete community service hours. In addition, the State filed requests in both cases for a show cause hearing with the district court. These documents alleged that Coffman had absconded from supervision and that her whereabouts at the time of filing were unknown. In response, Coffman filed motions in both her cases requesting the district court to modify each of the underlying sentences. She did not suggest a specific modification but asserted she would be successful if given another chance at probation.

A probation revocation hearing was held on September 23, 2014. Coffman requested an evidentiary hearing as to each of the conditions of probation she was alleged to have violated. Tonda McGrath, the probation officer assigned to Coffman, testified first. She stated that Coffman failed to report for an appointment scheduled on June 25, 2014, and that she had not seen Coffman since. McGrath testified that she attempted to contact Coffman by calling the phone numbers of both Coffman and Coffman's boyfriend. There was no answer on Coffman's phone, but McGrath said she left a voicemail on Coffman's boyfriend's phone. McGrath also said she sent surveillance officers to Coffman's reported address, but there was no answer. The officers left an appointment card.

The day after the officers left the appointment card, McGrath said a man called her. The man told McGrath that he had been allowing Coffman and her boyfriend to live with him, but they no longer lived at his residence. The man said he thought they were at the Log Cabin Motel. McGrath went to the Log Cabin Motel about 5 days later with another officer, but Coffman was not there. McGrath then sent a reporting letter to

Coffman at her last reported address on July 31, 2014, but Coffman never responded. McGrath testified that she did not see Coffman again until September 23, 2014, the date of the revocation hearing. McGrath further testified that Coffman failed to submit to UA testing on three separate occasions, that Coffman was unemployed during the time McGrath supervised her, that Coffman failed to participate in required mental health services, that Coffman had outstanding fee balances in both criminal cases, and that Coffman had failed to complete any community service hours despite the fact that she was ordered to complete 60 hours.

Coffman also testified at the hearing. She stated that after she missed her appointment on June 25, 2014, she called McGrath that same day and asked her if she could reschedule because she needed to work that day. Coffman testified that she was employed by two people that were independent contractors of the Salina Journal. She also stated that she attempted to call McGrath several times after June 25, 2014, and that she went to the community corrections office the following Friday, June 27, but was told that McGrath was busy. Coffman said that the person she spoke to told her she could either wait for McGrath to become available or leave and continue to call. Coffman said she left because she had other appointments that day. She stated that she tried to make a couple of phone calls after she visited the community corrections office.

Coffman testified that she was living at an address on Castle Court with her fiancé until 3 or 4 days after June 25, 2014. Coffman said she and her fiancé had gone on a vacation and came back to find that some of their things were missing. As a result, they decided to move to the Log Cabin Motel in Salina. Coffman said she tried to contact community corrections about this move. Coffman testified that they stayed at the Log Cabin Motel for about a week, but a financial issue caused them to move to the Budget King. After a couple of days there, the same financial issue caused them to move to the Airliner Motel for 1 to 1 1/2 months. Coffman said she registered under her own name at all of these motel locations.

4

On cross-examination, Coffman testified that she did not provide her new addresses to community corrections because McGrath failed to answer previous voicemails Coffman said she had left. After Coffman finished testifying, McGrath was called again as a rebuttal witness. McGrath testified that she was not working on Friday, June 27, 2014, the day that Coffman said she came to community corrections and was told McGrath was busy. McGrath also testified that she did not receive any voicemails from Coffman. At the close of evidence, the State asked the district court to make a factual finding that Coffman had absconded based on the amount of time she was gone without reporting and all of the effort expended by McGrath in an attempt to locate her.

The district court found that Coffman committed all seven probation violations alleged by the State. The district court also found that Coffman absconded in both cases from June 25, 2014, to August 18, 2014. The court ultimately revoked Coffman's probation in both cases and ordered her to serve both prison sentences without modification.

ANALYSIS

Coffman alleges the district court failed to comply with K.S.A. 2014 Supp. 22-3716, which generally requires the district court to impose a series of short jail sentences on felony defendants who violate their probations before ordering them to serve their full underlying sentences. See K.S.A. 2014 Supp. 22-3716(c)(1)(A)-(E). But as Coffman concedes in her brief, a district court may bypass these intermediate sanctions if the defendant absconds from supervision while on probation. See K.S.A. 2014 Supp. 22-3716(c)(8). To that end, Coffman argues that the State failed to prove by a preponderance of the evidence presented at her September 23, 2014, probation revocation hearing that she absconded from supervision. Coffman argues that, at most, the evidence showed that she merely failed to report after June 25, 2014, and that the State failed to present any evidence that she intentionally avoided contact with her probation officer. Coffman's

5

argument requires this court to interpret K.S.A. 2014 Supp. 22-3716(c)(8). Interpretation of a statute is a question of law subject to unlimited review by this court. *State v. Kendall*, 300 Kan. 515, 520, 331 P.3d 763 (2014).

Another panel of this court has recently determined that the definition of abscond in Black's Law Dictionary serves as the standard in cases involving K.S.A. 2014 Supp. 22-3716(c)(8). See *State v. Huckey*, 51 Kan. App. 2d 451, 455, 348 P.3d 997, *rev. denied* 302 Kan. __ (August 12, 2015). Black's Law Dictionary 8 (10th ed. 2014) defines abscond as: "To depart secretly or suddenly, [especially] to avoid arrest, prosecution, or service of process." In *Huckey*, the court also found that to abscond means something more than a mere failure to report and that the State must allege and prove by a preponderance of the evidence that a defendant has absconded before a district court may revoke a defendant's probation under K.S.A.2014 Supp. 22-3716(c)(8). 51 Kan. App. 2d at 455-57.

Here, Coffman testified she attempted to contact McGrath by phone but readily concedes she did not speak to or see McGrath at any time after June 25, 2014. Although Coffman testified that the reason she did not provide her new addresses to community corrections was because McGrath failed to answer previous voicemails, Coffman did not testify that she left McGrath a voicemail at any point after her missed visit on June 25, 2014. This is consistent with McGrath's testimony, which stated she never received a voicemail from Coffman during that time period. McGrath also testified that she made several attempts to reach Coffman. She attempted to call Coffman and her boyfriend, left a voicemail on Coffman's boyfriend's phone, sent surveillance officers to Coffman's reported address, attempted to find Coffman at the Log Cabin Motel after learning that she had moved from her reported address, and sent a letter to her last reported address. And Coffman readily admitted to living at four different locations during the time McGrath was looking for her. Significantly, Coffman did not report any of these moves to community corrections despite her duty to do so under the terms of her probation.

6

We find the evidence recited above establishes that there was more than a mere failure to report by Coffman. A reasonable person could accept that Coffman's frequent moves coupled with McGrath's numerous attempts to contact Coffman supported a conclusion that Coffman departed secretly or suddenly to avoid supervision by her probation officer. As such, we conclude substantial competent evidence supports the district court's finding that Coffman absconded. And because the district court properly found that Coffman absconded, it was not required to impose any intermediate sanctions on Coffman before ordering her to serve her underlying prison sentence. See K.S.A. 2014 Supp. 22-3716(c)(8).

Affirmed.