NOT DESIGNATED FOR PUBLICATION

No. 113,695

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL ANDREW CROSLIN, SR.,
*Appellant.*


MEMORANDUM OPINION


Appeal from Barton District Court; RON SVATY, judge. Opinion filed February 26, 2016. Affirmed.


*Samuel Schirer*, of Kansas Appellate Defender Office, for appellant.


*Amy J. Mellor*, assistant county attorney, *Douglas A. Matthews*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before STANDRIDGE, P.J., LEBEN and POWELL, JJ.


*Per Curiam*: The district court revoked Michael Croslin's probation after he failed to report to his Intensive Supervision Officer, Amy Boxberger, and her counterpart in Oklahoma. Croslin had been allowed to relocate to Oklahoma to complete his probation but failed to report once he got there. The Oklahoma officer notified Boxberger of Croslin's failure to report, and she filed a violation report listing him as an absconder. Almost a year later, Croslin was located, arrested, and brought before the district court for an evidentiary hearing. At the hearing, Croslin admitted that he hadn't reported

because he knew there was a warrant out for his arrest. In light of this admission, the district court found that Croslin was an absconder and revoked his probation.

On appeal, Croslin challenges the district court's determination that he absconded from supervision. But the definition of absconding includes leaving to avoid arrest. Because Croslin failed to report in order to avoid arrest, the district court was correct to find that he had absconded from supervision.

FACTUAL AND PROCEDURAL BACKGROUND

Croslin pled no contest to possession of methamphetamine on November 1, 2012. On February 8, 2013, he was sentenced to 20 months in prison but was granted a dispositional departure to probation; the court ordered that Croslin serve 24 months of probation. If he did so successfully, he would not go to prison.

Croslin failed to report to Boxberger, his intensive-supervision officer, and was sentenced to 60 days in jail as a probation sanction on September 13, 2013. Following his release on November 12, 2013, Croslin was given permission to move to Oklahoma and to serve out the rest of his probation there, under the supervision of Oklahoma officials. But Croslin failed to report in both Oklahoma and Kansas, so Boxberger filed a violation report on February 14, 2014, and a warrant was issued for Croslin's arrest that same day.

In the violation report, Boxberger said that Croslin was an absconder and indicated that Croslin was not living at the address he had given the probation office. The report also included notes from the Oklahoma officials responsible for monitoring Croslin, stating that they had been unable to locate him, even after contacting the daughter he was supposedly living with. Croslin was not found and arrested until January 9, 2015. The next month, the district court held an evidentiary hearing, and the court revoked Croslin's probation.

2

During the hearing, Croslin stipulated to failing to report. The State asked the court to revoke Croslin's probation, arguing that "every time [Croslin is] placed on probation, he absconds." The prosecutor did not reference the violation report, make any statements regarding Croslin's reasons for failing to report, or discuss Croslin's actions in any more detail than to say that he "basically had no contact with anyone since [his] last probation violation." Before revoking his probation, the district court questioned Croslin directly, "Why didn't you [report]? You were supposed to." Croslin responded, "Because there was a warrant for my arrest already." Following this exchange, the district court made its final ruling and revoked Croslin's probation.

In its written order, the district court checked a box indicating that it had revoked Croslin's probation because he had "absconded or committed [a] new crime." This was the court's first mention of absconding or a statutory basis for revocation. The court noted that Croslin "failed to report [in Oklahoma]; . . . [was] not living at his reported place of residence in Oklahoma; . . . [had] failed to report to Community Corrections since December 18, 2013[;] and has absconded." Croslin has appealed to our court.

ANALYSIS

*The District Court Did Not Err When Finding That Croslin Absconded.*

Croslin argues that he should be given a new hearing because the district court improperly found that he absconded from supervision under K.S.A. 2015 Supp. 22-3716(c)(8). The underlying facts are not in dispute here—the dispute is whether Croslin's actions constitute "absconding" under the statute. Because Croslin's challenge rests on interpretation of a statute, we review the district court's legal conclusions de novo—that

3

is, independently and without any deference. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. __ (August 12, 2015).

Before considering the merits of this appeal, however, we must first address one preliminary matter. The point of Croslin's appeal is that the district court should have ordered a further intermediate sanction—a punishment less than prison—before revoking his probation and sending him to prison. But Croslin did not argue for an intermediate sanction before the district court, so he must first explain why this court can consider the issue by invoking an exception to the rule against hearing issues for the first time on appeal. See Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41); *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014).

Croslin correctly argues that two of the three exceptions apply here: "(1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is determinative of the case; [and] (2) consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights." *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014) (citing *State v. Gomez*, 290 Kan. 858, 862, 235 P.3d 1203 [2010]). Croslin does not dispute the facts; his appeal is only a question of law—whether the district court erred when finding that he absconded. *Cf. State v. Lane*, No. 111,110, 2015 WL 802739, at *3 (Kan. App. 2015) (unpublished opinion) (finding exception applicable in a similar revocation case because it involved only a question of law). Moreover, hearing Croslin's appeal "will serve the ends of justice by effectuating a consistent interpretation" of K.S.A. 2015 Supp. 22-3716(c). 2015 WL 802739, at *3. Accordingly, we will proceed to consider the merits of his appeal.

K.S.A. 2015 Supp. 22-3716(c) controls Croslin's appeal. With certain exceptions, this statute requires that the district court impose intermediate sanctions before revoking an offender's probation. *Huckey*, 51 Kan. App. 2d at 454. Under the statutory exceptions, however, the court may revoke probation without imposing intermediate sanctions (1)

4

when a probationer "absconds from supervision," (2) when a probationer commits a new crime, or (3) if the probationer's welfare or the public's safety would be jeopardized by imposing intermediate sanctions. K.S.A. 2015 Supp. 22-3716(c)(8)-(9). Here, the district court had not exhausted all of the intermediate sanctions but revoked Croslin's probation because he had absconded from supervision.

We considered in *Huckey* the meaning of *abscond* as it is used in K.S.A. 2014 Supp. 22-3716(c)(8). There, our court explained that "[a]bsconding is more than just not reporting" and that to abscond means "[t]o depart secretly or suddenly, especially to avoid arrest, prosecution or service of process." 51 Kan. App. 2d at 455. In another part of the opinion, our court rephrased the test as whether a defendant "had fled or hidden himself or deliberately acted to avoid arrest, prosecution, or service of process." 51 Kan. App. 2d at 458. But "[a] mere allegation in a brief is not enough" for a court to find that a probationer has absconded. 51 Kan. App. 2d at 457. First, "the State must allege that the probationer has absconded"; then, at an evidentiary hearing, the State must prove that the probationer absconded by a preponderance of the evidence. 51 Kan. App. 2d at 457. The district court may then make whatever ruling the evidence supports. 51 Kan. App. 2d at 457. If, as here, a probationer appeals the district court's ruling, we review its factual findings for substantial evidence. 51 Kan. App. 2d at 457.

Here, the district court did not explicitly follow the *Huckey* procedure—but it couldn't have, because *Huckey* was decided 2 months after Croslin's hearing. Nonetheless, the district court's finding was correct—Croslin did in fact abscond.

Croslin asserts that the State did not formally allege that he had absconded during the hearing, thus failing *Huckey*'s first requirement. But his argument misunderstands *Huckey*. That case requires that the State formally allege that the probationer absconded *before* an evidentiary hearing is held, thus providing notice of the claim. See 51 Kan. App. 2d at 455-56 (discussing procedure used in *State v. Raiburn*, 289 Kan. 319, 331-33,

5

212 P.3d 1029 [2009]). Then, at the hearing, the State must support its allegation by a preponderance of the evidence—the State's allegation must *precede* the evidentiary hearing. 51 Kan. App. 2d at 457. Here, the violation report alleged that Croslin was not living at the address he had given his probation officer and that he should be considered an absconder. The report led to Croslin's arrest and the subsequent hearing. Therefore, the State alleged that Croslin absconded before the district court held an evidentiary hearing, thus meeting *Huckey*'s first requirement.

Having satisfied *Huckey*'s first requirement, the State only had to support its allegation by a preponderance of the evidence to satisfy the second. In other words, the State had to produce evidence showing that it was "more probably true than not" that Croslin had absconded. See *Ortega v. IBP, Inc.*, 255 Kan. 513, 528, 874 P.2d 1188 (1994), *overruled on other grounds by In re B.D.-Y.*, 286 Kan. 686, 187 P.3d 594 (2008). During the evidentiary hearing, Croslin explained that he had failed to report because he had been told that there was a warrant out for his arrest. Croslin's statement was prompted by a question from the court and not the State, but his admission fits *Huckey*'s definition of *abscond*—he left the state and deliberately acted to avoid arrest. Croslin attempts to downplay his admission by pointing out that he formally stipulated only to failure to report. While a mere failure to report does not in and of itself constitute absconding, Croslin admitted to doing more than simply missing an appointment—he admitted acting to avoiding arrest, and in doing so he admitted to absconding.

Croslin correctly points out that the district court did not formally find that he had absconded until preparing the journal entry of judgment. In its oral ruling, the district judge merely stated, "Well, I'm revoking. You got to report," noting that "under the system that I have been given, that's what I'm supposed to do." The court did not mention absconding. In fact, the word *abscond* was only used once during the evidentiary hearing, and that was when the State noted that Croslin had a history of absconding from probation. In addition, the State did not discuss what it means to abscond or how

6

Croslin's behavior fit that definition. It wasn't until the journal entry that the district court mentioned absconding or cited a statutory basis for revoking Croslin's probation.

But *Huckey* was not meant to prioritize form over substance; it was meant to make sure that courts respect the legislature's intent in requiring intermediate sanctions, with limited exceptions, in K.S.A. 2015 Supp. 22-3716(c). See *Huckey*, 51 Kan. App. 2d at 456. Here, the district court did not "bypass all of the sanctions" that the legislature created by simply "finding that [Croslin] is an absconder." See 51 Kan. App. 2d at 456. Though not explicitly referenced during the hearing, the violation report contained two statements that support a finding of absconding: Croslin wasn't living at the address he provided once his transfer to Oklahoma was approved, and no one in the Oklahoma office could locate Croslin, even after speaking with his daughter. See, *e.g.*, *State v. Anhorn*, No. 111,903, 2015 WL 3632493, at *3 (Kan. App.) (unpublished opinion) (finding that defendant absconded when he failed to report for 3 months and left the state without telling his probation officer or leaving a forwarding address), *rev. denied* 302 Kan. ___ (December 14, 2015). Add to that Croslin's admission that he failed to report because he wanted to avoid arrest, and he meets *Huckey*'s definition of an absconder.

Accordingly, the district court had substantial evidence to support finding that Croslin absconded and to justify revoking his probation. The district court's judgment is therefore affirmed.