NOT DESIGNATED FOR PUBLICATION

No. 116,854

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAVIER CARBAJAL,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed January 26, 2018. Affirmed.


*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.


*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., STANDRIDGE, J., and STUTZMAN, S.J.


PER CURIAM: Javier Carbajal appeals the district court's decision to revoke his probation. Finding no abuse of discretion, we affirm.


FACTS


The State charged Carbajal with one count of criminal discharge of a weapon at an occupied dwelling, four counts of aggravated assault, three counts of criminal damage to property, one count of battery, and one count of possession of marijuana.

1

Under a plea agreement, Carbajal pled guilty to one count of criminal discharge of a firearm at an occupied vehicle and four counts of aggravated assault. In exchange for this plea, the State agreed to dismiss Carbajal's other charges and not invoke the special rule addressing the commission of a person felony with a firearm. Although the plea agreement permitted the State to recommend the district court impose the aggravated grid box sentence for each count and request the sentence for each conviction run consecutively, the State agreed to jointly recommend that the court grant Carbajal a dispositional departure to probation because Carbajal was young, he accepted responsibility for his conduct, he lacked a record of any prior violent felonies, he was willing to follow the directives of his intensive supervision officer (ISO), and a nonprison sanction would serve community safety interests by promoting offender reformation.

At sentencing on June 11, 2015, the district court granted Carbajal's motion for a downward dispositional departure based on the reasons articulated by the parties in the plea agreement. As such, the court sentenced Carbajal to 28 months in prison but imposed probation for a period of 24 months.

A little over three months after sentencing, Carbajal waived his right to a court hearing and counsel and he admitted to violating the conditions of his probation by failing to report to his ISO as directed and failing to notify his ISO within 24 hours of a change in his employment status. Carbajal served an intermediate sanction of 48 hours in jail as a result of these violations.

Almost two months later, Carbajal was brought before the district court on the State's motion to revoke probation. The State alleged that Carbajal violated his probation by failing to complete community service at the rate of 25 hours per week, failing to pay restitution, failing to provide weekly verification of his job search, and failing to remain at community corrections. As a result of these violations, the district court ordered Carbajal to serve an intermediate sanction of 120 days in prison.

In July 2016, Carbajal was yet again brought before the district court on the State's motion to revoke probation. The State alleged Carbajal submitted to a urinalysis (UA) test that was positive for alcohol, failed to report to his ISO as directed, absconded from community corrections, failed to obtain approval prior to leaving Sedgwick County as required, violated his gang conditions by neglecting his curfew requirement, admitted to a sheriff's officer that he used marijuana and consumed alcohol, refused to submit to a UA test as directed by his ISO, and committed the new crime of possession of drug paraphernalia. Carbajal stipulated to each of these violations. Finding that Carbajal absconded and committed a new crime, as well as numerous other probation violations, the district court revoked his probation and ordered he serve the sentence originally imposed.

ANALYSIS

On appeal, Carbajal argues the district court abused its discretion by revoking his probation and imposing the underlying prison sentence. Specifically, he argues that the reasons articulated by the parties in the plea agreement in support of his motion for a downward dispositional departure and adopted by the court are still valid reasons as to why he should remain on probation.

Once a violation of the conditions of a defendant's probation has been established, the decision to revoke probation is within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). "'Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based.' [Citations omitted.]" *State v. Shank*, 304 Kan. 89, 92, 369 P.3d 322 (2016).

Notably, the court's discretion to revoke probation is now limited by K.S.A. 2016 Supp. 22-3716, which generally requires the court to use intermediate sanctions before sending a defendant to prison for violating his or her probation. See *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015). More specifically, K.S.A. 2016 Supp. 22-3716(c) provides that a district court may not revoke a defendant's probation and require he or she to serve the underlying prison sentence for a first violation. Rather, under this statute, a district court must order an intermediate sanction of jail or prison time coupled with continued probation after the defendant is released from custody. There are, however, a few statutory exceptions to the requirement that intermediate sanctions be ordered. Under these statutory exceptions, the court may revoke probation without imposing intermediate sanctions (1) when a probationer "absconds from supervision," (2) when a probationer commits a new crime, or (3) if the probationer's welfare or the public's safety would be jeopardized by imposing intermediate sanctions. K.S.A. 2016 Supp. 22-3716(c)(8)-(c)(9).

Here, the district court found that, in addition to other violations, Carbajal had committed a new crime while on probation. Under K.S.A. 2016 Supp. 22-3713(c)(8)(B), the district court was well within its discretion to revoke Carbajal's probation because he committed new crime. Further, Carbajal already had been ordered to serve intermediate sanctions in accordance with K.S.A. 2016 Supp. 22-3716(c)(C) and (c)(E).

Because Carbajal does not allege a mistake of law or fact, he can only prevail here if he established no reasonable person would have revoked his probation under the facts presented. Carbajal has failed to meet his burden; thus, we find the district court did not abuse its discretion in the revoking Carbajal's probation and ordering Carbajal to serve his original sentence.

Affirmed.