NOT DESIGNATED FOR PUBLICATION

Nos. 118,819
118,820

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DONOVAN M. EVANS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed June 29, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Donovan M. Evans appeals the district court's decision to revoke his probation and impose his underlying prison sentences. We granted Evans' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State responded and requested that this court affirm the district court's decision to revoke probation and impose Evans' prison sentences. After review, we affirm the district court.

In December 2016, Evans pled guilty to offenses in two cases. In 15CR3017, Evans pled guilty to possession of marijuana after a prior conviction, a drug severity level

1

5 felony. In 16CR434, he pled guilty to possession of marijuana after a prior conviction, also a drug severity level 5 felony. The disposition of each conviction was presumptive prison, and for each case, the district court sentenced Evans to a term of 36 months' imprisonment. However, in both cases, the district court granted a downward dispositional departure and imposed a 12-month probation term.

On November 6, 2017, Evans stipulated to violating the terms of his probation by testing positive for drugs. Because Evans had previously served a 3-day jail sanction ordered by his supervising probation officer, the State requested an intermediate prison sanction of 120 days; Evans requested a 30-day jail sanction. Rather than impose either suggested sanction, the district court instead revoked Evans' probation, modified his underlying sentences downward for a prison term of 30 months for each case, and ordered Evans to serve the sentences consecutive to each other for a total of 60 months' imprisonment.

On appeal, Evans argues that the district court abused its discretion in revoking his probation and ordering him to serve a modified prison sentence in each case. Once a violation has been established, the decision to revoke probation is within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action: "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Evans bears the burden to show an abuse of discretion by the district court. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

The district court's discretion in revoking probation is typically limited by the intermediate sanctions outlined in K.S.A. 2017 Supp. 22-3716, which require that they be imposed prior to the court revoking an offender's probation. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). However, there are a

few exceptions that permit a district court to revoke a defendant's probation without having previously imposed the statutorily required intermediate sanctions; one of those exceptions allows the district court to revoke probation if it was "originally granted as a result of a dispositional departure." K.S.A. 2017 Supp. 22-3176(c)(9)(B).

Here, Evans' probation was originally granted as a result of a dispositional departure. Thus, when Evans stipulated to violating the terms of his probation, the district court was entitled to revoke his probation and impose the underlying prison sentences. The district court did not abuse its discretion because Evans fails to show us that *no* reasonable person would have taken the district court's action.

Affirmed.