NOT DESIGNATED FOR PUBLICATION

No. 119,737

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PABLO E. MARTINEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed February 22, 2019. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Pablo E. Martinez appeals the district court's decision to revoke his probation and impose his underlying prison sentence. We granted Martinez' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State responded by not objecting to summary disposition but requesting that we affirm the revocation of Martinez' probation. After review, we find no abuse of discretion on the part of the district court and affirm.

As part of a plea agreement with the State, Martinez pled guilty to burglary of a dwelling, fleeing or attempting to elude a law enforcement officer, and possession of methamphetamine, all felonies. In exchange for his plea, the State agreed to recommend

1

the low number in the appropriate sentencing guidelines grid box for each count, concurrent sentences, and probation. At his sentencing on December 21, 2017, the district court followed the plea agreement and sentenced Martinez to a total prison term of 12 months in prison but placed Martinez on probation from his sentences for a period of 24 months.

On February 5, 2018, Martinez stipulated to violating the terms of his probation, waived his right to a hearing, and consented to a two-day jail sanction. On March 12, 2018, Martinez again stipulated to violating the terms of his probation, waived his right to a hearing, and consented to a three-day jail sanction. However, he never served that sanction.

On April 2, 2018, the State sought to revoke Martinez' probation, alleging among other things that Martinez had tested positive for drugs, had failed to serve his three-day jail sanction, and had failed to report. Two days later, the State filed an amended warrant adding allegations that Martinez had committed new crimes while on probation, among those being reckless driving, fleeing or attempting to elude a law enforcement officer, and possession of drug paraphernalia. At his probation violation hearing on May 31, 2018, Martinez admitted or elected to not contest the allegations in the amended warrant. The district court, citing Martinez' commission of new crimes while on probation, revoked his probation and ordered that he serve his underlying sentences.

On appeal, Martinez argues the district court abused its discretion in revoking his probation and imposing his underlying prison sentence. Once a violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action (1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law; or (3) is based on an error of fact. See *State v. Jones*, 306 Kan. 948, 957,

2

398 P.3d 856 (2017). This discretion is limited by the intermediate sanctions as outlined in K.S.A. 2018 Supp. 22-3716. Martinez bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2018 Supp. 22-3716 requires the district court to impose intermediate sanctions before revoking an offender's probation. See *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). However, there are exceptions that permit a district court to revoke probation without having previously imposed the statutorily required intermediate sanctions, one of which is if the offender commits a new crime while on probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A).

Here, it is undisputed by the parties that Martinez violated the terms of his probation by committing new crimes while on probation. Thus, the district court was entitled to revoke his probation and impose his underlying prison sentences. While Martinez argues that incarceration does not adequately address his drug addiction, given his commission of new crimes and continued drug usage while on probation, Martinez fails to persuade us that *no* reasonable person would have taken the view of the district court. Accordingly, we conclude the district court did not abuse its discretion.

Affirmed.