NOT DESIGNATED FOR PUBLICATION

Nos. 119,965
119,966
119,967
119,968

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASON DEAN ENDSLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed February 22, 2019. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Jason Dean Endsley appeals the district court's decision to revoke his probation and impose his underlying prison sentences in four cases. We granted Endsley's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State responded by not objecting to summary disposition but requesting that we affirm the revocation of Endsley's probation. After review, we find no abuse of discretion on the part of the district court and affirm.

1

As part of a plea agreement with the State, Endsley pled guilty to criminal threat in 2016 CR 98 and possession of methamphetamine in 2016 CR 755, both felonies. Among other things, the State would recommend probation with the condition that Endsley attend anger management classes and obtain a drug and alcohol evaluation. After several continuances, sentencing was scheduled for December 2016, but Endsley failed to appear. Sentencing was continued, and a bench warrant was issued for his arrest.

In January 2017, Endsley was charged with felony theft in 2017 CR 67 and was again offered a plea agreement by the State. In exchange for Endsley's plea of guilty, the State agreed to recommend the aggravated sentence, to be served consecutive to all other cases, but asked that Endsley be placed on probation.

Endsley was finally sentenced for all three cases in March 2017. The district court followed the plea agreements and sentenced Endsley in 2016 CR 98 to 12 months in prison; in 2016 CR 755 to 32 months in prison; and in 2017 CR 67 to 15 months in prison, with the sentences to run consecutively. The district court granted Endsley probation from his sentences for 12 months and ordered him to obtain a drug and alcohol evaluation, as well as an anger management evaluation, and follow the recommendations of those evaluations.

However, just a couple of months later, in June 2017, Endsley committed new crimes and was charged in 2017 CR 579 with one count of felony theft and one count of possession of hydrocodone. Like his other cases, Endsley reached a plea agreement with the State in which Endsley agreed to plead guilty to the felony theft charge in exchange for the State's recommendation for a dispositional departure to probation and dismissal of the possession charge. At the plea hearing, Endsley also stipulated to violating the conditions of his probation in the other cases, and all parties agreed that Endsley should serve a 120-day prison sanction. The district court followed the plea agreement in 2017 CR 579 and, in September 2017, sentenced Endsley to 14 months in prison, with the

2

sentence to run consecutive to his other sentences. The district court granted Endsley a dispositional departure to probation for 12 months following completion of his 120-day prison sanction. Endsley was ordered to obtain a new drug and alcohol evaluation and follow all its recommendations. For his other cases, the district court imposed a 120-day prison sanction and extended probation for 12 months.

In December 2017, the State sought to revoke Endsley's probation, alleging that he had failed to report; failed to refrain from drug use, having tested positive for THC and methamphetamine and admitting to using illegal drugs; failed to complete treatment; and failed to submit to drug testing. At the probation violation hearing in February 2018, Endsley admitted to the violations. The district court imposed a 180-day prison sanction and extended Endsley's probation for 12 months. Endsley was ordered to complete in-patient drug and alcohol treatment.

Finally, on August 17, 2018, Endsley pled no contest to committing a new crime, this time misdemeanor theft in 2018 CR 556, and stipulated to violating the terms of his probation. The commission of this new crime resulted in the district court revoking Endsley's probation in the four previous cases and imposing the underlying prison sentences.

On appeal, Endsley argues that the district court abused its discretion by ordering him to serve his underlying sentences instead of reinstating probation. Once a violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action (1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law; or (3) is based on an error of fact. See *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017). This discretion is limited by the intermediate sanctions as outlined in K.S.A. 2018 Supp. 22-3716. Endsley bears the burden to show an abuse of

discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2018 Supp. 22-3716 requires the district court to impose intermediate sanctions before revoking an offender's probation. See *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). However, there are exceptions that permit a district court to revoke probation without having previously imposed the statutorily required intermediate sanctions, one of which is if the offender commits a new crime while on probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A).

Here, it is undisputed by the parties that Endsley violated the terms of his probation by committing new crimes. Given that the district court was well within its authority to revoke his probation and impose his underlying prison sentences, Endsley's repeated commission of new crimes while on probation completely undermines his argument that he was entitled to another opportunity at probation. As Endsley fails to persuade us that *no* reasonable person would have taken the view of the district court, we conclude the district court did not abuse its discretion.

Affirmed.