NOT DESIGNATED FOR PUBLICATION

No. 119,851

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON LOVING,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Opinion filed April 19, 2019. Affirmed.

Submitted for summary disposition pursuant K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., PIERRON and MALONE, JJ.

PER CURIAM: Brandon Loving appeals the revocation of his probation. We granted Loving's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed no response. For the reasons stated in this opinion, we affirm the district court's judgment.

FACTUAL AND PROCEDURAL HISTORY

In February 2016, Brandon Loving pleaded no contest to felony possession of marijuana. Because Loving struggled to remain drug free while awaiting his sentencing, resulting in several bond revocation warrants for use of marijuana, the court continued sentencing at least once to give Loving time to show he could remain drug free. The court

1

subsequently sentenced Loving to 13 months in prison, but released him on a 12-month term of probation.

Just four months later, the State moved to revoke Loving's probation. The State alleged Loving violated his probation by: (1) failing to make required payments, (2) a new arrest for possessing marijuana with intent to distribute, (3) not obtaining a drug evaluation, and (4) failing to report contact with law enforcement. For almost two years, the hearing on the motion to revoke Loving's probation was repeatedly continued and the motion to revoke was amended to add new violations during the term of probation. Additional allegations included continued use of marijuana. Loving was warned by the district court judge during the pendency of the motion to "start taking some action" on addressing his marijuana problems while the judge continued the hearings to see if Loving would comply. Loving admitted to continuing to use marijuana.

Although Loving eventually stipulated to the allegations that he violated his probation, including a conviction for possession of marijuana while he was on probation, the district court continued the case for final disposition to give Loving an opportunity to complete treatment. He did not. He was discharged from inpatient drug treatment due to poor behavior, including punching a hole in a wall.

At the final disposition hearing on the State's motion to revoke Loving's probation, the court gave a lengthy recitation of the history of the case. The court concluded that another chance at probation would not be in Loving's best interest and would jeopardize his welfare because he would just continue to use. The court revoked Loving's probation and ordered him to serve his underlying sentence.

ANALYSIS

On appeal, Loving argues the district court abused its discretion in revoking his probation and imposing his underlying prison sentence.

Once a violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action (1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017). This discretion is limited by the intermediate sanctions as outlined in K.S.A. 2018 Supp. 22-3716. Loving bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

In most circumstances, the district court is required to impose intermediate sanctions before revoking an offender's probation. K.S.A. 2018 Supp. 22-3716. See *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). However, there are limited statutory exceptions that permit a district court to revoke probation without having previously imposed the statutorily required intermediate sanctions. One such exception is when the court makes particular findings that the welfare of the offender will not be served by a graduated sanction. K.S.A. 2018 Supp. 22-3716(c)(9)(A). This was the exception relied upon by the district court to revoke Loving's probation and order him to serve his underlying prison sentence.

The district court did not abuse its discretion by revoking Loving's probation in this case and bypassing any intermediate sanctions. The decision was clearly not based upon an error of law or fact. Furthermore, we cannot find that no reasonable person would have taken the view adopted by the trial court. The district court judge discussed

3

Loving's lengthy history of failing to abide with the rules of his probation and his inability to remain drug free. He explained with sufficient particularity that intermediate sanctions would not serve Loving's welfare due to his repeated and continued failure to address his drug issues as required by his probation.

Affirmed.