NOT DESIGNATED FOR PUBLICATION

No. 119,647

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAKOTA R. MORTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed June 21, 2019. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN and POWELL, JJ.

PER CURIAM: Dakota R. Morton appeals the district court's imposition of his underlying prison sentence after the revocation of his probation. Morton complains the district court abused its discretion by doing so because his need for drug treatment could not be met while incarcerated. After a review of the record, we find no abuse of discretion on the part of the district court and affirm.

In case 16 CR 1558, Morton pled guilty to one count of burglary, a severity level 7 person felony, and one count of theft, a class A misdemeanor. In August 2016, the district

court sentenced Morton to 15 months in prison but placed him on probation from that sentence for a period of 24 months.

In January 2017, Morton admitted to the allegations contained in the probation violation warrant that he violated his probation by failing to report; making no payments on court costs, fines, or restitution; failing to obtain a drug and alcohol evaluation and an LSI-R evaluation; failing to refrain from the possession, use, or consumption of alcohol or illegal drugs; and admitting to smoking marijuana. As a consequence, the district court extended Morton's probation term for 24 months and imposed a 2-day quick dip jail sanction.

In July 2017, Morton again admitted to violating his probation, in part, because two of his urinalysis (UA) results tested positive for methamphetamines and amphetamines. The district court again extended Morton's probation for 24 months and also imposed a 3-day quick dip jail sanction.

In November 2017, Morton admitted to once again violating the terms and conditions of his probation by returning late from work three times; submitting a positive UA, using methamphetamines or amphetamines; and committing the crime of aggravated escape from custody in 17 CR 2482 by absconding during a staff-supervised appointment. The district court gave Morton a choice to admit that he was likely to reoffend and serve a reduced 10-month prison sentence or be reinstated to probation with a zero-tolerance policy that any future probation violation would result in the imposition of his full underlying prison sentence. After Morton chose the second option, the district court extended his probation for 24 months but did not impose either a 120- or 180-day intermediate prison sanction.

In May 2018, Morton, for a fourth time, admitted to violating the terms and conditions of his probation by testing positive for methamphetamines and amphetamines

and by being AWOL from the residential facility. This latter allegation resulted in Morton pleading guilty to one count of aggravated escape from custody in 18 CR 416. Given Morton's admission to again violating his probation, which included the commission of a new crime, the district court revoked his probation and ordered that he serve his underlying prison sentence.

Morton timely appeals.

Morton argues the district court abused its discretion by imposing his underlying prison term after revoking his probation instead of imposing an intermediate sanction or alternative disposition that would better address his drug addiction. He also argues that his need for treatment cannot be met while in prison.

Once a violation has been established, the decision to revoke probation is within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable or when the action was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). Morton bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

However, a district court's discretion on whether to revoke probation is limited by intermediate sanctions as outlined in K.S.A. 2018 Supp. 22-3716. A district court is required to impose graduated intermediate sanctions before revoking an offender's probation. See K.S.A. 2018 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). Intermediate sanctions include a 2-day or 3-day sanction of confinement in a county jail, a 120-day prison sanction, or a 180-day prison sanction. K.S.A. 2018 Supp. 22-3716(c)(1)(B), (C), (D). Under these

3

limitations, the district court may revoke probation and order a violator to serve the balance of his or her original sentence only after both a jail sanction and a prison sanction have been imposed. K.S.A. 2018 Supp. 22-3716(c)(1)(E).

However, there are a few exceptions which permit a district court to revoke a defendant's probation without having previously imposed the statutorily required intermediate sanctions; one of those exceptions allows the district court to revoke probation if the offender commits a new crime while on probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A).

It is undisputed that Morton violated the terms and conditions of probation and that he committed a new crime while on probation, and Morton concedes the district court had the authority to revoke his probation. But Morton fails to persuade us that the district court abused its discretion by doing so. Morton repeatedly violated his probation, violations which included the commission of two new crimes. In fact, at Morton's previous probation violation hearing, the district court gave him the choice of going to prison with a shortened sentence or continued probation under a no-tolerance standard. Morton responded to this opportunity by not only again violating his probation but also committing a new crime as well. In light of this record, we have no trouble concluding that a reasonable person could agree with the district court's decision to revoke Morton's probation and impose his underlying sentence.

Affirmed.

4