NOT DESIGNATED FOR PUBLICATION

No. 114,365

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KYLE R. WILLIAMS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed
November 4, 2016. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before HILL, P.J., BUSER and LEBEN, JJ.

*Per Curiam*:  In this second appeal of Kyle R. Williams' probation revocation, we
agree with a prior panel of this court which held that because Williams had committed a
new crime while on probation the district court properly revoked his probation even
though the court was mistaken when it held that he was an absconder.

In 2013, Williams was on probation for felony theft and misdemeanor battery. He
was arrested for violating the terms of his probation by failing a drug test and missing
two appointments with his probation supervisor. While on an appearance bond awaiting a

hearing on the revocation motion, he committed a new offense—theft. At the revocation hearing, Williams admitted that he: failed the drug test; missed the probation appointments; and committed the new offense. Based upon these admissions, the district court found that Williams had committed a new offense and was an absconder. The court revoked Williams' probation and sent him to prison to serve his sentence. Williams appeals, claiming the district court erred by finding he was an absconder.

This is Williams' second appeal from the revocation of his probation. See *State v. Williams*, No. 112,501, 2015 WL 7162190 (Kan. App. 2015) (unpublished opinion). In his first appeal, Williams appealed the revocation of his probation for his January 2013 conviction for forgery. At the hearing, the district court revoked Williams' probation for both the 2013 forgery case and the theft case—the subject of the current appeal. The issue and arguments from both appeals are nearly identical.

In the earlier appeal, a panel of this court determined that the district court erred by finding Williams was an absconder. 2015 WL 7162190, at *2. The panel relied upon the decision in *State v. Huckey*, 51 Kan. App. 2d 451, 457, 248 P.3d 997, *rev. denied* 302 Kan. 1015 (2015)—that absconding requires more than a mere failing to report—to determine the district court erred by finding Williams was an absconder. 2015 WL 7162190, at * 2. On this issue, the court specifically held that the State had failed to establish that Williams "departed secretly or [departed] in an attempt to avoid arrest or prosecution."

Next, the panel analyzed whether a remand for an additional hearing was necessary because the district court determined Williams was an absconder and committed a new offense. 2015 WL 7162190, at *2. After reviewing a similar case, *State v. Kyles*, No. 112,430, 2015 WL 5613265 (Kan. App. 2015) (unpublished opinion), the panel held "the judgment to impose Williams' sentence was correct because the district court properly found that Williams committed a new crime while on probation."

2

*Williams*, 2015 WL 7162190, at \*3. Ultimately, "the district court reached the right judgment even though it partially relied on the wrong reason." 2015 WL 7162190, at \*3.

We find the logic of the prior panel flawless. Our reasoning is the same. Williams committed a new crime while on probation. The court did not err when it revoked his probation and sent him to prison.

Affirmed.