NOT DESIGNATED FOR PUBLICATION

No. 118,511

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALRENDA SEBASTIAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed June 29, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Alrenda Sebastian appeals the district court's decision to revoke her probation and impose her underlying sentence. We granted Sebastian's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State responded and requested that this court affirm the district court's decision to revoke probation and impose Sebastian's prison sentence. After review, we affirm the district court.

On May 6, 2015, Sebastian pled guilty to three counts of aggravated assault, each a level 7 person felony. Because the offenses were committed with a firearm, the dispositions for these convictions were presumptive prison. See K.S.A. 2017 Supp. 21-

1

6804(h). However, the district court granted Sebastian an optional nonprison sentence and placed her on probation for 24 months with an underlying sentence of 19 months' imprisonment.

On January 7, 2016, the district court ordered Sebastian to serve a three-day jail sanction for violating the conditions of her probation by using medication not prescribed to her, consuming alcohol, and using marijuana. The district court also extended her probation for 24 months. Additionally, her supervising probation officer ordered her to serve a second three-day jail sanction, the reasons for which are not in the record on appeal.

On August 25, 2017, Sebastian pled no contest to making a false writing in a new criminal case. The district court accepted her plea and found her guilty. The State filed several probation violation warrants relating to this conviction and other irrelevant violations.

On September 26, 2017, the district court held a hearing on both the disposition for Sebastian's alleged probation violations in her original case and sentencing in her new case. Sebastian admitted to violating numerous conditions of her probation, including committing new crimes while on probation. The district court accepted Sebastian's admission of the violations and found that she violated her probation. Because Sebastian had committed a new crime while on probation, the district court revoked her probation and ordered her to serve her underlying sentence. Sebastian now appeals the revocation of her probation, arguing that the district abused its discretion when it revoked her probation.

Once a probation violation has been established, the decision to revoke probation is within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action: "(1) is arbitrary,

2

fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). This discretion is limited by the intermediate sanctions mandated in K.S.A. 2017 Supp. 22-3716. Sebastian bears the burden to show an abuse of discretion by the district court. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2017 Supp. 22-3716(c) requires that the district court impose intermediate sanctions before revoking an offender's probation. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). However, there are exceptions that permit a district court to revoke probation without first imposing these statutorily required intermediate sanctions—one of these exceptions is if the offender commits a new crime while on probation. K.S.A. 2017 Supp. 22-3716(c)(8)(A).

Here, Sebastian stipulated to violating the terms of her probation by committing a new crime while on probation. Under K.S.A. 2017 Supp. 22-3716(c)(8)(A), the district court was statutorily permitted to revoke Sebastian's probation. She fails to show that *no* reasonable person would have taken the view of the district court. There was no abuse of discretion.

Affirmed.