NOT DESIGNATED FOR PUBLICATION

No. 118,862

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALEX GONZALEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed June 29, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Alex Gonzalez appeals the district court's decision to revoke his probation and impose his underlying prison sentence. We granted Gonzalez' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State responded and requested that this court affirm the district court's decision to revoke probation and impose Gonzalez' underlying prison sentence. After review, we affirm the district court.

In June 2017, Gonzalez pled guilty to one count of possession of methamphetamine, a drug severity level 5 nonperson felony. Based on Gonzalez' criminal history score of C, his conviction was a border box offense, meaning the disposition for

1

this conviction was presumptive prison but a district court may elect to impose an optional nonprison sentence rather than a term of imprisonment. See K.S.A. 2017 Supp. 21-6804(f), (q). On August 2, 2017, the district court imposed an underlying sentence of 28 months' imprisonment but granted Gonzalez 12 months' probation.

Subsequently, on November 28, 2017, Gonzalez stipulated to violating the terms of his probation by committing the new crimes of possession of marijuana and possession of paraphernalia. He also stipulated to other violations irrelevant to the resolution of Gonzalez' appeal. In accordance with the State's recommendation, the district court revoked Gonzalez' probation and ordered him to serve the remainder of his underlying prison sentence.

On appeal, Gonzalez argues that the district court erred in revoking his probation and imposing his underlying prison sentence. Once a violation has been established, the decision to revoke probation is within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action: "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). This discretion is limited by the intermediate sanctions as outlined in K.S.A. 2017 Supp. 22-3716. Gonzalez bears the burden to show an abuse of discretion by the district court. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2017 Supp. 22-3716 requires that the district court impose intermediate sanctions before revoking an offender's probation. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). However, there are exceptions that permit a district court to revoke probation without having previously imposed the statutorily required intermediate sanctions. One of these exceptions allows the district

court to revoke probation if the offender commits a new crime while on probation. See K.S.A. 2017 Supp. 22-3176(c)(8).

Here, Gonzalez stipulated to violating the terms of his probation when he committed a new crime. Thus, the district court was entitled to revoke his probation and impose his underlying prison sentence. Gonzalez fails to show that *no* reasonable person would have taken the view of the district court. There was no abuse of discretion.

Affirmed.