NOT DESIGNATED FOR PUBLICATION

No. 118,963

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY D. HOUZE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed August 17, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Anthony D. Houze appeals the district court's decision to revoke his probation and order him to serve his original sentence. We granted Houze's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State responded by not contesting Houze's motion and by requesting that we affirm the district court's decision. After a review of the record, we affirm.

As part of a plea agreement with the State, Houze pled guilty to one count of criminal possession of a firearm, a severity level 8 nonperson felony. Given his crime and criminal history score of A, Houze's presumptive sentence included imprisonment as opposed to probation, but prior to sentencing, he sought a dispositional departure to

1

probation. At sentencing on May 13, 2016, and consistent with the plea agreement, the district court sentenced Houze to 23 months in prison but granted Houze's motion for a departure and placed him on probation from his prison sentence for a period of 18 months.

Houze's performance on probation was not exemplary. Houze violated his probation several times and was given numerous sanctions, including a 3-day jail sanction and a 180-day prison sanction. Finally, on October 6, 2017, after Houze again stipulated to new probation violations, the district court, citing Houze's repeated inability to follow the conditions of his probation, revoked Houze's probation and ordered that he serve his underlying prison sentence. The court also rejected Houze's request that his sentence be modified to time served.

On appeal, Houze argues that the district court abused its discretion in revoking his probation and ordering him to serve his prison sentence. Once a violation has been established, the decision to revoke probation is within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Houze bears the burden to show an abuse of discretion by the district court. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

The district court's discretion in revoking probation is typically limited by the intermediate sanctions outlined in K.S.A. 2017 Supp. 22-3716, which requires that sanctions be imposed prior to the court revoking an offender's probation. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). However, there are a few exceptions that permit a district court to revoke a defendant's probation without having previously imposed the statutorily required intermediate sanctions; one of

those exceptions allows the district court to revoke probation if it was "originally granted as a result of a dispositional departure." K.S.A. 2017 Supp. 22-3716(c)(9)(B).

Here, it is undisputed that Houze's probation was originally granted as a result of a dispositional departure and that the district court imposed the prerequisite intermediate sanctions prior to revocation. Thus, when Houze stipulated to violating the terms of his probation, the district court was entitled to revoke his probation and impose the underlying prison sentence. As Houze fails to persuade us that *no* reasonable person would have taken the district court's action, we conclude the district court did not abuse its discretion in revoking Houze's probation and ordering him to serve his original prison sentence.

Affirmed.