NOT DESIGNATED FOR PUBLICATION

Nos. 118,918
118,919
118,920

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SEDRICK LETHA BUCHANAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed August 24, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM:  Sedrick Letha Buchanan appeals the district court's decision to revoke his probation and impose his underlying sentences. We granted Buchanan's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State did not object in its response and requested that we affirm the district court's decision.

In June 2015, pursuant to a plea agreement, Buchanan pled guilty to one count each in 14CR782 and 15CR501 of possession of a controlled substance, both felonies. At sentencing the district court followed the plea agreement and imposed an underlying

1

sentence of 17 months' incarceration for each count, with the sentences to run consecutive, but placed Buchanan on probation from these sentences for a period of 18 months.

In June 2016, Buchanan was charged with the commission of new crimes, specifically possession of a controlled substance and misdemeanor possession of drug paraphernalia. He again entered into a plea agreement with the State whereby he would enter a plea of no contest to the new charges and the State would not oppose a motion for a downward dispositional departure to probation. At sentencing, the district court sentenced Buchanan to 20 months' imprisonment and ordered that the sentence run consecutive to the sentences in Buchanan's prior cases. The district court then granted Buchanan's departure motion and placed him on 18 months' probation. Because of these convictions, the district court in both 14CR782 and 15CR501 ordered Buchanan to serve a prison sanction of 120 days. Prior to this prison sanction, Buchanan's probation officer had ordered him to serve an intermediate jail sanction.

Subsequently, the State filed a motion to revoke Buchanan's probation in May 2017. Buchanan stipulated to violating the terms of his probation which included absconding from supervision, failing to report to his probation officer for 7 months, traveling outside of a 50-mile radius from Salina, failing to comply with house arrest orders, failing to remain drug free, failing to comply with substance abuse treatment, and failing to complete the requirements of the Saline County Drug Court program. The State recommended revocation of Buchanan's probation in all three cases; Buchanan requested a 180-day prison sanction. At the revocation hearing, the district court revoked Buchanan's probation on all three cases and ordered him to serve the prison sentences.

On appeal, Buchanan argues that the district court abused its discretion by revoking his probation and ordering him to serve the prison sentences. Once a violation

2

has been established, the decision to revoke probation is within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable, or when the action was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). This discretion is limited by intermediate sanctions as outlined in K.S.A. 2017 Supp. 22-3716. Buchanan bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2017 Supp. 22-3716(c) requires a district court to impose graduated intermediate sanctions before revoking an offender's probation. See *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). Intermediate sanctions include a 2- or 3-day sanction of confinement in a county jail, a 120-day prison sanction, or a 180-day prison sanction. K.S.A. 2017 Supp. 22-3716(c)(1)(B), (C), (D). Under these limitations, the district court may, among other actions, revoke probation and order a violator to serve the balance of his or her original sentence only after both a jail sanction and a prison sanction have been imposed. K.S.A. 2017 Supp. 22-3716(c)(1)(E).

A district court may also revoke a defendant's probation without the imposition of intermediate sanctions if he or she absconds from supervision. See K.S.A. 2017 Supp. 22-3716(c)(8). However, simply failing to report to a supervising officer does not equate to absconding. See *Huckey*, 51 Kan. App. 2d at 458. See also *State v. Dooley*, 308 Kan. ___, Syl. ¶ 4, 2018 WL 3797563 (No. 111,554, filed August 10, 2018) ("State must show, and the district court must find, that the probation violator engaged in some course of action [or inaction] with the conscious intent to hide from or otherwise evade the legal process.").

Here, we need not determine whether Buchanan had absconded because it is undisputed that Buchanan stipulated to violating five other terms of his probation and had previously received intermediate sanctions—a jail sanction and prison sanction—as required by K.S.A. 2017 Supp. 22-3716(c)(1)(D). As Buchanan fails to persuade us that no reasonable person would have taken the view of the district court, we conclude the district court did not abuse its discretion in revoking probation and ordering Buchanan to serve the underlying sentences of his three cases.

Affirmed.