NOT DESIGNATED FOR PUBLICATION

No. 118,086

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDREW JAMES CLINE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Osborne District Court; PRESTON PRATT, judge. Opinion filed September 14, 2018. Reversed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Paul S. Gregory*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., LEBEN, J., and BURGESS, S.J.

PER CURIAM: Andrew James Cline pled guilty and was convicted of two counts of unlawful cultivation or distribution of controlled substance on May 10, 2016. The district court imposed a downward dispositional departure sentence of 18 months of probation with an underlying prison term of 63 months. Cline violated his probation twice. On his second violation, the trial judge denied the imposition of intermediate sanctions of 120 or 180-days pursuant to K.S.A. 2017 Supp. 22-3716(c)(1)(C)-(D) and revoked his probation based on the newly amended provision of K.S.A. 2017 Supp. 22-3716(c)(9)(B). Cline appeals, asserting that revocation of probation was inappropriate because K.S.A. 2017 Supp. 22-3716(c)(9)(B) should not be applied retroactively. The district court also found

1

Cline to be an absconder. The State failed to address the issue of the application of the statute and, therefore, abandoned that argument. The finding of the trial court that Cline was as absconder is reversed.

On July 8, 2016, Cline pled guilty and was convicted of two counts of unlawful cultivation or distribution of controlled substance, a level 4 nonperson felony. Cline was sentenced to 18 months' probation, a downward departure from the presumptive prison sentence, with an underlying term of 63 months in prison.

On January 11, 2017, Cline stipulated to violating his terms of probation and was given a 3-day quick dip, ordered to inpatient treatment, and his probation was extended to 18 months. On June 19, 2017, Cline was again arrested in Dodge City for violating his probation. On July 12, 2017, Cline stipulated that he violated his probation. The district court found Cline failed to report to his intensive supervision officer (ISO) and left the drug rehabilitation treatment center unsuccessfully. As a result, the district court revoked Cline's probation and his underlying prison term of 63 months was imposed.

The district court applied K.S.A. 2017 Supp. 22-3716(c)(9) as the basis for revoking Cline's probation. K.S.A. 2017 Supp. 22-3716(c)(9), states:

"(9) The court may revoke the probation . . . of an offender pursuant to subsection (c)(1)(E) without having previously imposed a sanction pursuant to subsection (c)(1)(B), (c)(1)(C) or (c)(1)(D) if:

. . . .

(B) the probation . . . was originally granted as the result of a dispositional departure granted by the sentencing court pursuant to K.S.A. 2017 Supp. 21-6815, and amendments thereto."

K.S.A. 2017 Supp. 22-3716(c)(9) was added to the statute on July 1, 2017, which was 12 days after Cline's arrest and 11 days before his hearing. Cline timely appeals the

2

revocation of probation arguing that the district court erred in applying K.S.A. 2017 Supp. 22-3716(c)(9) retroactively.

## SHOULD THIS COURT CONSIDER THE ISSUE OF THE RETROACTIVE APPLICATION OF K.S.A. 2017 SUPP. 22-3716(c)(9)(B)?

Cline claims the district court's application of K.S.A. 2017 Supp. 22-3716(c)(9)(B) retroactively is unconstitutional. There is no need for this court to address this issue. The State completely fails to address the issue. There is nothing in the State's brief that argues for the retroactive application of the statute in question or to otherwise counter Cline's argument that is was error to apply the statute retroactively. If a party fails to brief an issue, that issue is considered abandoned. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011). The trial court's sentencing based on retroactive application of K.S.A. 2017 Supp. 22-3716(c)(9)(B) is reversed.

## DID THE DISTRICT COURT ERR IN FINDING CLINE TO BE AN ABSCONDER?

Cline also contends that the trial judge erroneously determined he was an absconder. It is clear that the sentencing judge relied on K.S.A. 2017 Supp. 22-3716(c)(9)(B) as the basis for the revocation of Cline's probation. However, the court did refer to Cline as an absconder and since the State has placed its entire argument on the determination that he was an absconder, we will address the issue.

The essence of a determination that a defendant absconded is a conscious intent on the part of the defendant to hide from or otherwise evade legal process. *State v. Dooley*, No. 111,554, 2018 WL 3797563, at *9 (Kan. 2018). Generally, absconding under Kansas law requires more than mere not reporting, even if it is for four months. *State v. Huckey*, 51 Kan. App. 2d 451, 456, 348 P.3d 997 (2015). For instance, if a probationer leaves the state after three months of failing to report to the ISO *and* gets arrested in another state, it is sufficient to establish the probationer absconded. *State v. Anhorn*, No. 111,903, 2015

3

WL 3632493, at *3 (Kan. App. 2015) (unpublished opinion). Failing to report to a probation officer because the probationer was aware of an open warrant for his arrest is sufficient to satisfy the definition of an absconder. *State v. Croslin*, No. 113,695, 2016 WL 758661, at *1 (Kan. App. 2016) (unpublished opinion), *rev. denied* 305 Kan. 1253 (2017). The burden to raise the issue of absconding and to present evidence in support lies with the State. *Huckey*, 51 Kan. App. 2d at 455-56.

In order to support a finding that a probationer absconded (1) the State must allege that the probationer has absconded, and (2) then at an evidentiary hearing, the State must prove by a preponderance of the evidence that the probationer has absconded. 51 Kan. App. 2d at 457. Here, the State failed to follow the procedures stated in *Huckey*. As the State has properly cited, the State must show that the probationer had "fled or hidden or deliberately acted to avoid arrest, prosecution, or service of process." 51 Kan. App. 2d at 458. However, the State did not conduct any further inquiry into proving that Cline absconded. More importantly, the State initially failed to allege that Cline was an absconder, as they admittedly stated in their brief. The State relies solely on the fact that the trial judge mentioned absconsion in the hearing and that the inclusion of the ISO's affidavit is sufficient to substitute their failure to allege Cline as an absconder.

The State did not allege that Cline was an absconder in their initial motion to revoke, and they did not provide evidence to support the finding he absconded during the probation revocation hearing. The only time Cline was referred to as an absconder was by the sentencing judge during the final revocation hearing. Therefore, Cline was not an absconder by Kansas definition, and his probation status should not have been affected by any determination to the contrary.

Reversed.

4