NOT DESIGNATED FOR PUBLICATION

No. 119,467

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRADLEY W. MULLENS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Crawford District Court; LORI BOLTON FLEMING, judge. Opinion filed January 11, 2019. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., STANDRIDGE and POWELL, JJ.

PER CURIAM: Bradley W. Mullens appeals the district court's decision to revoke his probation and impose his underlying sentence. We granted Mullens' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State filed a response not objecting to summary disposition but asking that the district court's judgment be affirmed. After a review of the record, we agree with the State and affirm.

In March 2013, pursuant to a plea agreement, Mullens pled guilty to the amended charge of conspiracy to commit the manufacture of methamphetamine, a severity level 1 drug felony. In exchange for Mullens' plea, the State agreed to recommend the

1

aggravated number in the appropriate sentencing guidelines gridbox, less 6 months given the conspiracy charge, a dispositional departure to probation, and a 60-month probation term. At Mullens' sentencing on April 25, 2013, the district court followed the plea agreement and imposed an underlying presumptive prison sentence of 167 months but granted a dispositional departure to probation with community corrections for a period of 60 months.

On September 6, 2013, Mullens admitted to violating the terms and conditions of his probation, waived his right to a hearing, and agreed to a three-day jail sanction. On October 29, 2013, the State sought to revoke Mullens' probation for, among other things, testing positive for illegal drugs, failing to report, and failing to enter into and successfully complete drug treatment. The allegations were later amended in August 2014 to include a new crime of aggravated escape from custody. At his probation violation hearing on September 15, 2014, Mullens admitted to the violations, including that he had pled to the crime of aggravated escape from custody in Montgomery County District Court and had been sentenced for that crime to a period of 18 months in prison. Instead of revoking Mullens' probation due to his commission of a new crime, the district court imposed a 180-day prison sanction but warned Mullens that no further probation violations would be tolerated.

At some point after his release from prison for his Montgomery County crime, Mullens was placed back on probation and was allowed to transfer his probation to Texas, apparently to be closer to family. This effort at rehabilitation also failed because on March 6, 2017, the State sought to revoke Mullens' probation for a second time, alleging, among other things, that Mullens had committed new crimes in Oklahoma and had failed to report. In fact, the affidavit alleged that Mullens' whereabouts were unknown. The allegations were amended in August 2017 to add that Mullens had committed new crimes in Texas. At his probation violation hearing held on November 6,

2

2017, Mullens admitted to failing to report. Based on that admission, the district court revoked Mullens' probation and ordered that he serve his underlying sentence.

On appeal, Mullens argues that the district court erred in not imposing both the 120-day and 180-day prison sanctions prior to revoking his probation. However, Mullens acknowledges that the district court was not required to do so. Once a violation has been established, the decision to revoke probation is within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable or when the action was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). Mullens bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

However, a district court's discretion on whether to revoke probation is limited by intermediate sanctions as outlined in K.S.A. 2017 Supp. 22-3716. A district court is required to impose graduated intermediate sanctions before revoking an offender's probation. See K.S.A. 2017 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). Intermediate sanctions include a 2-day or 3-day sanction of confinement in a county jail, a 120-day prison sanction, or a 180-day prison sanction. K.S.A. 2017 Supp. 22-3716(c)(1)(B), (C), (D). Under these limitations, the district court may revoke probation and order a violator to serve the balance of his or her original sentence only after both a jail sanction and a prison sanction have been imposed. K.S.A. 2017 Supp. 22-3716(c)(1)(E).

Here, it is undisputed that Mullens was given the two required intermediate sanctions of 3 days in jail and 180 days in prison. Therefore, Mullens cannot complain he was not given the opportunity to receive intermediate sanctions instead of prison. As the district court noted, although Mullens had a severe drug addiction, he failed to take the

3

opportunity to enter into and successfully complete drug treatment. Moreover, he committed a new crime while on probation. The record clearly shows that Mullens was given ample opportunity to succeed on probation yet failed to do so. As Mullens makes no argument persuading us that no reasonable person would have taken the district court's action, we conclude the district court did not abuse its discretion in revoking Mullens' probation and imposing the underlying prison sentence.

Affirmed.