NOT DESIGNATED FOR PUBLICATION

No. 120,493

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NATHANIAL JOSEPH ALAN BOST,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed June 7, 2019. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Nathanial Joseph Alan Bost appeals the district court's decision to impose an intermediate 120-day prison sanction instead of a 2- or 3-day jail sanction after he stipulated to violating the terms and conditions of his probation. We granted Bost's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State filed a response, agreeing with Bost that summary disposition was appropriate but asking us to affirm the district court's judgment. We affirm.

Pursuant to a plea agreement with the State, Bost pled guilty to one count of possession of methamphetamine, a severity level 5 drug felony. On May 30, 2018, the district court sentenced Bost to a presumptive sentence of 11 months in prison but placed

1

him on probation for 12 months with the conditions that he submit to drug testing and obtain drug treatment.

Although the record is somewhat unclear on this point, Bost evidently violated the terms of his probation, and a three-day intermediate jail sanction was imposed. Apparently, Bost never served this sanction, and on October 23, 2018, the State sought to revoke Bost's probation on the grounds that he had failed to submit to required drug testing and had failed to report to serve his three-day jail sanction. At the probation violation hearing held on November 26, 2018, Bost stipulated to the violations. While the State argued for the imposition of a 120-day prison sanction, Bost asked for only a 3-day jail sanction, principally on the grounds that he had transportation issues which had prevented him from properly reporting. Bost also suggested that since he had not actually served his 3-day jail sanction, the 120-day prison sanction could not be imposed. The district court rejected Bost's arguments, imposed the 120-day prison sanction, and extended his probation for 12 months.

Bost's sole argument on appeal is that the district court abused its discretion by imposing the 120-day prison sanction instead of 3-day jail sanction. Once a probation violation has been established, the decision to modify the terms of probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Bost bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

A district court's discretion concerning the imposition of probation violation sanctions is limited by the intermediate sanction provisions outlined in K.S.A. 2018

2

Supp. 22-3716. Significantly, a district court is required to impose graduated intermediate sanctions before revoking an offender's probation. See K.S.A. 2018 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). Intermediate sanctions include a 2-day or 3-day sanction of confinement in a county jail, a 120-day prison sanction, or a 180-day prison sanction. K.S.A. 2018 Supp. 22-3716(c)(1)(B), (C), (D). Under these limitations, and with some exceptions inapplicable here, the district court may impose a 120-day prison sanction only after a 2- or 3-day jail sanction has been previously imposed. K.S.A. 2018 Supp. 22-3716(c)(1)(C).

Here, it is undisputed that Bost violated the terms of his probation and that a three-day jail sanction had been previously imposed but not yet served. Before us, Bost does not repeat his argument that the district court was legally prohibited from imposing the 120-day prison sanction but limits his argument to alleging an abuse of discretion. Nevertheless, we reject any argument that the district court did not have the authority to impose the 120-day prison sanction here. It is undisputed that the required three-day jail sanction had been imposed, yet Bost had not served it due to his failure to report. But the statute does not require a probationer to actually serve the required intermediate jail sanction before the district court may impose the next intermediate sanction. Alternatively, we note that according to the record Bost had already been in jail more than three days before the district court imposed its prison sanction order, so Bost likely already served his jail sanction prior to the district court's imposition of the new prison sanction. As Bost fails to provide us with any rationale demonstrating that *no* reasonable person would have taken the view of the district court, we conclude the district court did not abuse its discretion in imposing a 120-day intermediate prison sanction.

Affirmed.