NOT DESIGNATED FOR PUBLICATION

Nos. 119,191
119,192
119,193

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL R. CARIGNAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed June 21, 2019. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Andrew R. Davidson*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN and POWELL, JJ.

PER CURIAM: Michael R. Carignan appeals the district court's revocation of his probation and its imposition of his prison sentences in three cases. Carignan argues the district court erred by failing to state with particularity its reasons for revoking probation and by not imposing intermediate sanctions instead. In its response, the State contends the district court was not required to make particularized findings nor was it required to

1

impose intermediate sanctions because Carignan had committed new crimes while on probation. We agree with the State and affirm.

Carignan pleaded no contest in three separate cases in May and July 2017. Given the severity level of Carignan's crimes and his A criminal history score, the sentencing guidelines placed Carignan's felony sentences in the presumptive prison category. Ultimately, on July 21, 2017, the district court sentenced Carignan to an overarching sentence in all three cases of 82 months in prison by running Carignan's sentences in each case consecutively. However, the district court granted Carignan a downward dispositional departure and placed him on probation from his sentences for a period of 18 months.

However, two days after sentencing, Carignan was accused of possessing marijuana and drug paraphernalia. Ten days after sentencing, Carignan was accused of burglary, theft, possession of marijuana, and possession of drug paraphernalia. In early August 2017, Carignan was accused of burglary of a dwelling, theft by deception, and making false information. The State filed its first motion to revoke Carignan's probation on July 26, 2017, and then subsequently amended its motion three times to incorporate the ongoing violations.

At a probation violation hearing for all three cases held on December 28, 2017, the State presented evidence of Carignan's failure to maintain contact with community corrections and his commission of new crimes. After hearing the evidence, the district court stated:

> "The Court is satisfied that the evidence that we heard today is sufficient to show that it's more likely than not that Mr. Carignan was involved in illegal activity as alleged in Count No. 2, that being possession of marijuana and drug paraphernalia on the 31st of July and then Count No. 3, that being making false information on the 12th of August, 2017 and also Court's satisfied that it's more likely than not that Mr. Carignan failed to

report to Community Corrections after he was released from jail on the 28th of July, so he's violated his probation and probation is revoked. What should we do?"

The State argued that Carignan's repeated criminal conduct mere days after being released on probation demonstrated he was a danger to the community. Carignan spoke on his own behalf and told the district court about his progress in drug treatment while incarcerated and his plans to continue treatment after release. He asked the district court to impose a 120- or 180-day intermediate prison sanction instead, but he "recognize[d] the legal basis to go ahead and execute the entirety of the underlying sentence." The district court concluded by saying:

"Well, Mr. Carignan, you know, what you're saying today makes a lot of sense. I'm sure that it is heartfelt. I don't doubt that you're telling the truth. We got some hard facts here, though and one of the hard facts is I look back, you know, you have over 30 years of career in felony convictions. You have 61 prior convictions. You have 29 person felonies and so that makes it pretty hard for me to explain why I wouldn't execute your sentence. I mean, I don't think I could do that. You know, you got, you're clean today. You've been clean. You're thinking straight but there has to have been times in the last 30 years where you should have, maybe you didn't but you should have recognized that you're on the wrong path, so I don't think that I can do anything but execute your sentence because, you know, it's—First of all, best predictor of future behavior is past behavior. You got a heck of a record. Secondly, we have to kind of be consistent with what we do for other folks and, you know, I've never had anybody with 29 prior convictions before. I've had somebody with over 50 convictions but they were all, like, shoplifting, misdemeanor so sentence will be executed in each case.

"I hope that when you go to DOC you take advantage of whatever programs they have, come up with a plan. I can assure you that once you start drawing Social Security life is not over. Some of us, they even forced us to take our Social Security and we're still kicking."

3

Carignan filed a notice of appeal in one case on January 12, 2018, and in his two other cases on January 29, 2018. After a show cause order was issued questioning our jurisdiction, we ultimately retained the appeals. Parenthetically, we note that on March 15, 2018, Carignan later pled no contest to possession of marijuana and making false information in two new cases filed as a result of his criminal acts committed while on probation.

Our standard of review of a district court's decision to revoke probation is well settled. Once a probation violation has been established, the decision to revoke probation lies within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Carignan bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

However, the district court's discretion to revoke probation is limited by the intermediate sanctions requirement outlined in K.S.A. 2018 Supp. 22-3716. Generally speaking, a district court is required to impose intermediate sanctions before revoking an offender's probation. See K.S.A. 2018 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). However, there are exceptions that permit a district court to revoke probation without having previously imposed the statutorily required intermediate sanctions; one of those exceptions allows the district court to revoke probation if it was "originally granted as the result of a dispositional departure." K.S.A. 2018 Supp. 22-3716(c)(9)(B). Another is if the offender commits a new crime while on probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A).

Here, it is undisputed that Carignan was granted a dispositional departure to probation and that he committed new crimes while on probation. Carignan ignores these exceptions to the intermediate sanctions requirement and instead complains that the district court failed to make particularized findings as required by K.S.A. 2018 Supp. 22-3716(c)(9)(A). That provision allows the district court to bypass the intermediate sanctions requirement if it makes the required particularized findings that the public's safety will be jeopardized or that the offender's best interests will not be served by the imposition of an intermediate sanction. Carignan argues that an intermediate sanction of 120 or 180 days would have been more appropriate.

The problem with Carignan's argument is that particularized findings were not required in this instance because the district court already had the ability to bypass the intermediate sanctions requirement: Carignan was originally placed on probation as a result of a dispositional departure and Carignan committed new crimes while on probation. Moreover, Carignan fails to persuade us that the district court abused its discretion by failing to impose a 120- or 180-day intermediate prison sanction instead. The district court cited Carignan's lengthy criminal history as the reason for revoking probation. Given that history, Carignan cannot show that no reasonable person would have agreed with the district court's decision to revoke his probation and order imposition of his underlying sentence.

Affirmed.

5