NOT DESIGNATED FOR PUBLICATION

No. 120,516

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES ANGELO DEMARONEY III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; MARITZA SEGARRA, judge. Opinion filed July 5, 2019. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., GREEN and BRUNS, JJ.

PER CURIAM: James A. DeMaroney III was convicted of one count each of possession of methamphetamine, possession of marijuana, and possession of Zolpidem, all drug severity level 5 felonies. The district court imposed a controlling underlying sentence of 20 months' imprisonment and granted DeMaroney a dispositional departure to 12 months' probation.

On appeal, DeMaroney contends that the district court erred in revoking his probation and in imposing the underlying prison sentence. We granted DeMaroney's motion for summary disposition under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State did not object to summary disposition.

1

On February 27, 2018, DeMaroney admitted that he had violated the terms of his probation. On May 25, 2018, the district court revoked DeMaroney's probation and imposed his underlying prison sentence.

Our standard of review of a district court's decision to revoke probation is well settled. Once a probation violation has been established, the decision to revoke probation lies within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . .; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). DeMaroney bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Nevertheless, the district court's discretion to revoke probation is limited by the intermediate sanctions requirement outlined in K.S.A. 2018 Supp. 22-3716. Generally speaking, a district court is required to impose intermediate sanctions before revoking an offender's probation. See *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). Yet, there are exceptions that permit a district court to revoke probation without having previously imposed the statutorily required intermediate sanctions; one of those exceptions allows the district court to revoke probation if "the welfare of the offender will not be served by such sanction." K.S.A. 2018 Supp. 22-3716(c)(9)(A). The district court revoked DeMaroney's probation on this basis and imposed his underlying prison sentence, and we affirm that decision.

Affirmed.