NOT DESIGNATED FOR PUBLICATION

No. 120,964

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY DAY III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed August 30, 2019. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Larry Day III appeals the district court's revocation of his probation and the imposition of a reduced sentence. We granted Day's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State did not file a response, and after a review of the record, we affirm.

Pursuant to a plea agreement with the State, Day pled guilty to aggravated burglary, a severity level 5 person felony. In return, the State dismissed all other charges and jointly recommended a sentence of probation. At his sentencing on December 17, 2015, Day did not dispute his criminal history score of A, and the district court sentenced

him to 130 months in prison but granted Day a dispositional departure to probation for a period of 36 months.

On May 19, 2016, Day stipulated to violating the terms of his probation; as a consequence the district court imposed a three-day jail sanction. A few months later, on November 23, 2016, Day again stipulated to violating his probation, and the district court imposed a 120-day prison sanction. Nearly a year later, on October 23, 2017, Day stipulated to violating his probation a third time, and the district court extended his probation for an additional 12 months and imposed a 180-day prison sanction. The district court warned Day that he was now on a "zero tolerance" probation.

On August 15, 2018, the State sought to revoke Day's probation, alleging Day had violated his probation by, among other things, failing to report, failing to complete drug treatment, submitting positive urinalysis samples, and committing the crime of aggravated robbery as alleged in Case 18CR825. At a hearing on February 21, 2019, and as part of a plea agreement with the State, Day pled no contest to the amended charge in 18CR825 of misdemeanor theft. The district court, after hearing the parties' arguments for and against continued probation, cited Day's commission of a new crime, his failure to obtain the treatment ordered, and the court's previous admonition that Day was now on "zero tolerance" probation as grounds to revoke his probation. However, the district court did reduce Day's sentence to 100 months in prison.

Day now appeals, arguing the district court erred by revoking his probation and ordering imprisonment. Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Day bears the

burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

A district court's discretion on whether to revoke probation is limited by intermediate sanctions as outlined in K.S.A. 2018 Supp. 22-3716. Before revoking an offender's probation, a district court is required to impose graduated intermediate sanctions. See K.S.A. 2018 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). Intermediate sanctions include a 2-day or 3-day sanction of confinement in a county jail, a 120-day prison sanction, or a 180-day prison sanction. K.S.A. 2018 Supp. 22-3716(c)(1)(B), (C), (D). Under these limitations, the district court may revoke probation and order a violator to serve the balance of his or her original sentence only after both a jail sanction and a prison sanction have been imposed. K.S.A. 2018 Supp. 22-3716(c)(1)(E).

However, there are exceptions which permit a district court to revoke a defendant's probation without having previously imposed the statutorily required intermediate sanctions. One exception allows the district court to revoke probation if the offender commits a new crime while on probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A). Another exception permits revocation without imposing sanctions if the offender's probation was "originally granted as the result of a dispositional departure." K.S.A. 2018 Supp. 22-3716(c)(9)(B).

Here, it is undisputed that the district court had the authority to revoke Day's probation as Day acknowledges that the district court granted him probation initially as a result of a dispositional departure. However, even if this had not been the case, the district court was well within its authority to revoke because it had already imposed the required intermediate sanctions and Day had committed a new crime while on probation. This notwithstanding, Day still claims the district court erred. However, given the

number of times Day violated his probation, he fails to persuade us how the district court abused its discretion.

Affirmed.