NOT DESIGNATED FOR PUBLICATION

No. 120,658

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASON W. BELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed August 30, 2019. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Jason W. Bell appeals the district court's revocation of his probation and imposition of a reduced prison sentence. We granted Bell's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded by not objecting to summary disposition but requests that the district court be affirmed. After a review of the record, we agree with the State and affirm the district court's judgment.

After a bench trial upon stipulated facts, the district court found Bell guilty of one count of offender registration violation, a severity level 5 person felony. On August 2, 2016, the district court sentenced Bell to a controlling prison sentence of 114 months,

1

although the journal entry mistakenly contains 120 months. However, the district court granted Bell's motion for dispositional departure and placed him on probation for a term of 36 months.

Not long after Bell had been placed on probation, on February 23, 2017, the State sought to revoke his probation, alleging he had committed the new crime of aggravated escape from custody in Cowley County District Court case 17CR88W. At the probation violation hearing conducted on January 2, 2019, Bell stipulated to committing this new crime but asked for another opportunity at probation, explaining that he had left the Winfield Correctional Facility so that he could seek treatment for his Hepatitis C. The district court was unpersuaded by Bell's argument, noting that other prisoners do not escape from custody due to health issues and that a person who is on probation for a serious felony offense cannot be allowed to commit a new felony while on probation. As a result, the district court revoked Bell's probation but imposed a reduced sentence of 75 months in prison.

On appeal, Bell argues the district court erred in revoking his probation and ordering him to serve his prison sentence without first exhausting the intermediate sanctions. Once a probation violation has been established, the decision to revoke probation is within the discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Bell bears the burden of showing an abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

The district court's discretion to revoke a defendant's probation is limited by the intermediate sanctions requirements outlined in K.S.A. 2018 Supp. 22-3716. Generally, a district court is required to impose intermediate sanctions before revoking an offender's

probation. See K.S.A. 2018 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). However, as Bell acknowledges, there are exceptions that permit a district court to revoke probation without having previously imposed the statutorily required intermediate sanctions, one of which is when the offender commits a new crime while on probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A). Another exception permitting revocation without imposing sanctions is if the offender's probation was "originally granted as the result of a dispositional departure." K.S.A. 2018 Supp. 22-3716(c)(9)(B).

As it is undisputed that Bell committed a new felony offense while on probation and that he was given the opportunity at probation as a result of a dispositional departure, it is clear the district court had the authority to revoke his probation without imposing any intermediate sanctions. It is also clear from the record that the district court considered Bell's arguments in mitigation, particularly his need for treatment for his serious health condition, and rejected them while also noting that Bell had committed a serious felony offense while on probation for another crime. We have no trouble concluding that a reasonable person could agree with the district court's rationale. Accordingly, the district court did not abuse its discretion in revoking Bell's probation and imposing a reduced prison sentence.

Affirmed.