NOT DESIGNATED FOR PUBLICATION

No. 121,111

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KYLE D. DEAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed January 24, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

PER CURIAM: Kyle D. Dean appeals the district court's revocation of his probation and the imposition of his underlying prison sentences. We granted Dean's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded by not objecting to summary disposition but asking that the district court's judgment be affirmed.

Pursuant to a plea agreement with the State, Dean pled guilty to aggravated battery, a severity level 7 person felony, and three misdemeanor counts of violating a protective order. In exchange for Dean's pleas of guilty, the State did not oppose Dean's request for a dispositional departure sentence of probation. At his sentencing on July 20,

2018, Dean did not dispute his criminal history score of B, and the district court sentenced him to 31 months in prison plus 36 months in the county jail, granted Dean's request for a dispositional departure from his prison term, and placed Dean on probation for a period of 24 months.

On January 17, 2019, Dean stipulated to violating the terms of his probation; as a consequence, the district court imposed a three-day jail sanction. Just a few weeks later, on February 12, 2019, the State sought to revoke Dean's probation, alleging Dean had violated his probation by, among other things, failing to report, failing to obtain a domestic violence evaluation, failing to maintain full-time employment, and failing to attend mental health treatment. At a probation violation hearing on April 2, 2019, both Dean and his probation officer testified. After hearing the evidence, the district court found Dean to be in violation of his probation. The State sought revocation while Dean argued for a lesser sanction such as a 120-day prison sanction. The district court cited Dean's dispositional departure and his repeated failures to report as grounds for revoking Dean's probation and imposing his underlying sentences.

Dean now appeals, arguing the district court erred by revoking his probation and ordering imprisonment. Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Dean bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

A district court's discretion on whether to revoke probation is limited by intermediate sanctions as outlined in K.S.A. 2018 Supp. 22-3716. Before revoking an

offender's probation, a district court is required to impose graduated intermediate sanctions. See K.S.A. 2018 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). Intermediate sanctions include a 2-day or 3-day sanction of confinement in a county jail, a 120-day prison sanction, or a 180-day prison sanction. K.S.A. 2018 Supp. 22-3716(c)(1)(B), (C), (D). Under these limitations, the district court may revoke probation and order a violator to serve the balance of his or her original sentence only after both a jail sanction and a prison sanction have been imposed. K.S.A. 2018 Supp. 22-3716(c)(1)(E).

However, there are exceptions which permit a district court to revoke a defendant's probation without having previously imposed the statutorily required intermediate sanctions. One exception allows the district court to revoke probation without imposing sanctions if the offender's probation was "originally granted as the result of a dispositional departure." K.S.A. 2018 Supp. 22-3716(c)(9)(B).

Here, it is undisputed that the district court had the authority to revoke Dean's probation as Dean acknowledges that the district court granted him probation initially as a result of a dispositional departure. This notwithstanding, Dean still claims the district court abused its discretion because prison does not adequately address his mental health issues. However, Dean did not make any mental health arguments before the district court, and the district court relied upon Dean's repeated failures to report and the fact that he was granted a dispositional departure at sentencing as justification for revoking his probation and imposing his underlying sentences. Given the district court's stated reasons for revoking Dean's probation and the record in this case, we conclude a reasonable person could agree with the district court's judgment here.

Affirmed.