NOT DESIGNATED FOR PUBLICATION

No. 121,405

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANNY L. FEHR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed January 31, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

PER CURIAM:  Danny L. Fehr appeals the district court's revocation of his probation and the imposition of his underlying sentences. We granted Fehr's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State filed a response not objecting to summary disposition but asking that the district court's judgment be affirmed. After a review of the record, we agree with the State and affirm.

Pursuant to a plea agreement with the State, Fehr pled no contest to two felonies, aggravated battery and criminal threat, and to two misdemeanor counts of violating a protective order. On August 18, 2016, the district court sentenced Fehr to a presumptive

1

sentence of 18 months in prison but placed him on probation from that sentence for a period of 24 months.

On July 27, 2017, Fehr stipulated to violating his probation and agreed to a two-day jail sanction. At a July 31, 2018 probation violation hearing, Fehr admitted to violating his probation by failing to report, and the district court extended his probation by 24 months and imposed a 120-day prison sanction. Then on October 24, 2018, Fehr once again stipulated to violating his probation by using methamphetamines and agreed to another two-day jail sanction. He also agreed to enter a residential treatment program.

Not long after, on December 11, 2018, the State sought to revoke Fehr's probation, alleging that he had tested positive for illegal substances and had failed to report on multiple occasions. At a probation violation hearing conducted on May 22, 2019, Fehr stipulated to the violations but asked for leniency, citing his need for drug treatment and to financially support his children who were being cared for by his mother. While the district court indicated that it believed Fehr's desire to become drug free and support his children was sincere, it cited Fehr's repeated violations of his probation and his numerous failures to report as grounds for revoking his probation. Accordingly, the district court revoked Fehr's probation and imposed his underlying prison sentences.

Fehr's sole argument on appeal is that the district court abused its discretion by revoking his probation and imposing a prison sentence. Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Fehr bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

2

A district court's discretion on whether to revoke probation is limited by intermediate sanctions as outlined in K.S.A. 2018 Supp. 22-3716. A district court is required to impose graduated intermediate sanctions before revoking an offender's probation. See K.S.A. 2018 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). Intermediate sanctions include a 2-day or 3-day sanction of confinement in a county jail, a 120-day prison sanction, or a 180-day prison sanction. K.S.A. 2018 Supp. 22-3716(c)(1)(B), (C), (D). Under these limitations, the district court may revoke probation and order a violator to serve the balance of his or her original sentence only after both a jail sanction and a prison sanction have been imposed. K.S.A. 2018 Supp. 22-3716(c)(1)(E).

It is undisputed by the parties that the district court had the authority to revoke Fehr's probation given its prior imposition of the required intermediate sanctions. Instead, Fehr argues the district court abused its discretion in failing to give him another chance at probation in order to obtain drug treatment and financially support his children. We are unpersuaded by Fehr's argument because, as the district court noted, Fehr had been given previous opportunities at treatment and squandered them, instead repeatedly failing to report. We have no trouble concluding that a reasonable person could agree with the district court's judgment here.

Affirmed.