NOT DESIGNATED FOR PUBLICATION

No. 121,623

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MIGUEL A. MARTINEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed February 28, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Miguel A. Martinez appeals the district court's revocation of his probation and the imposition of his underlying prison sentence. We granted Martinez' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State filed a response not objecting to summary disposition but asks that the district court's judgment be affirmed. After a review of the record, we agree with the State and affirm.

Pursuant to a plea agreement with the State, Martinez pled guilty to a single count of aggravated battery, a severity level 7 person felony. On July 31, 2018, the district court

1

sentenced Martinez to a presumptive sentence of 14 months in prison but placed him on probation from that sentence for a period of 24 months.

At an October 10, 2018 probation violation hearing, Martinez stipulated to violating his probation, and the district court imposed a two-day jail sanction. At a February 5, 2019 probation violation hearing, Martinez admitted to violating his probation by failing to report and violating his gang conditions, resulting in the district court imposing a 180-day prison sanction and extending his probation by 24 months.

A few months later, on May 28, 2019, the State sought to revoke Martinez' probation on the grounds of his failure to report and his failure to attend drug and alcohol treatment. An additional warrant was filed on June 24, 2019, alleging Martinez had once again violated his gang conditions and had committed new crimes. At a probation violation hearing conducted on July 2, 2019, Martinez stipulated to the violations but asked for leniency, citing his need for drug treatment. While the district court agreed with Martinez' need for drug treatment, it cited Martinez' repeated violations of his probation, particularly his failures to report, as grounds for revoking his probation. Accordingly, the district court revoked Martinez' probation and imposed his underlying prison sentence.

Martinez' sole argument on appeal is that the district court abused its discretion by revoking his probation and imposing a prison sentence. Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Martinez bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

At the time of Martinez' probation violations, a district court's discretion on whether to revoke probation was limited by intermediate sanctions as outlined in K.S.A. 2018 Supp. 22-3716. A district court was required to impose graduated intermediate sanctions before revoking an offender's probation. See K.S.A. 2018 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). Intermediate sanctions included a 2-day or 3-day sanction of confinement in a county jail, a 120-day prison sanction, or a 180-day prison sanction. K.S.A. 2018 Supp. 22-3716(c)(1)(B), (C), (D). Under these limitations, the district court could revoke probation and order a violator to serve the balance of his or her original sentence only after both a jail sanction and a prison sanction had been imposed. K.S.A. 2018 Supp. 22-3716(c)(1)(E).

It is undisputed by the parties that the district court had the authority to revoke Martinez' probation given its prior imposition of the required intermediate sanctions. Instead, Martinez argues the district court abused its discretion in failing to give him another chance at probation in order to obtain drug treatment. We are unpersuaded by Martinez' argument because, as the district court noted, Martinez had been given previous opportunities at treatment and squandered them. Instead, Martinez repeatedly failed to report. We have no trouble concluding that a reasonable person could agree with the district court's judgment here.

Affirmed.