NOT DESIGNATED FOR PUBLICATION

No. 121,762

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TROY EUGENE WILLIS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Harvey District Court; JOE DICKINSON, judge. Opinion filed July 2, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., STANDRIDGE and POWELL, JJ.

PER CURIAM: Troy Eugene Willis appeals the district court's decision to revoke his probation after he admitted to violating the terms of his probation. He asserts the district court abused its discretion by revoking his probation. We granted Willis' motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State responded and agreed that summary disposition was appropriate under the facts of the case. After a review of the record, we affirm.

After Willis pled no contest to one count of possession of methamphetamine, a severity level 5 drug felony, on August 10, 2017, the district court sentenced Willis to 30 months in prison but granted him probation from that sentence for 12 months.

1

In November 2017, Willis violated his probation, and the district court ordered him to serve a three-day intermediate jail sanction. In March 2018, Willis again violated his probation, and the district court ordered him to serve a 180-day prison sanction. Willis' probation was also extended for an additional 12 months.

Subsequently, the State sought to revoke Willis' probation on the grounds that, among other things, he had violated the terms of his probation by failing to report, absconding and leaving the state without permission, driving without a license, and using illegal drugs. At a probation violation hearing on July 24, 2019, Willis admitted to the allegations. The district court, citing Willis' risk to public safety, revoked his probation and ordered him to serve a reduced sentence of 20 months' imprisonment.

On appeal, Willis argues the district court abused its discretion by revoking his probation and ordering him to serve a modified prison sentence. Once a probation violation has been established, the decision to revoke a defendant's probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 228, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Willis bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

A district court's discretion concerning the revocation of probation is limited by the intermediate sanction provisions outlined in K.S.A. 2018 Supp. 22-3716. In Willis' case, the district court was required to impose graduated intermediate sanctions before revoking his probation. See K.S.A. 2018 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). At the time Willis was sentenced, intermediate sanctions included a 2- or 3-day sanction of confinement in a

county jail and a 120- or 180-day prison sanction. See K.S.A. 2018 Supp. 22-3716(c)(1)(B), (C), (D). It is undisputed that the district court imposed all the required intermediate sanctions prior to revoking Willis' probation.

Willis does not explain why or how the district court abused its discretion in revoking his probation and acknowledges that under K.S.A. 2019 Supp. 22-3716(c)(7)(A), the district court had the authority to do so. At the probation violation hearing, Willis admitted to the probation violations, which included using methamphetamine, driving without a license, failing to report, and leaving Kansas without permission. The district court noted its concerns about Willis' drug use and continued vehicle operation despite not possessing a valid license, as well as concerns about the alleged travel and crimes in other states. Given this record, we have no trouble concluding that a reasonable person could agree with the district court's decision to revoke Willis' probation.

Affirmed.